MARGARIDA FERREIRA, EXECUTRIX (ESTATE OF
HELDER FERREIRA) *v.* LOUIS PISATURO
(13907)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued April 6—decision released May 15, 1990

*Mark A. Healey,* with whom, on the brief, was *Vincent R. Falcone,* for the appellant (plaintiff).

*Christopher P. McCormack,* for the appellee (defendant).

PER CURIAM. This appeal presents the issue of whether a bucket loader, claimed to have been operated negligently on a highway construction work-site by a fellow employee of the plaintiff's decedent, was a "motor vehicle" and thus falls within an exception to the general bar against actions based on the negligence of a fellow employee created by General Stat-

utes § 31-293a.[1] Section 31-293a provides that when the workers' compensation remedy is available for an injury caused by the negligence or wrong of a fellow employee, that remedy is exclusive and "no action may be brought against such fellow employee *unless* such wrong was wilful or malicious or *the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1.*" (Emphasis

[1] "[General Statutes] Sec. 31-293a. NO RIGHT AGAINST FELLOW EMPLOYEE: EXCEPTION. If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1. For purposes of this section, contractors' mobile equipment such as bulldozers, powershovels, rollers, graders or scrapers, farm machinery, cranes, diggers, forklifts, pumps, generators, air compressors, drills or other similar equipment designed for use principally off public roads are not 'motor vehicles' if the claimed injury involving such equipment occurred at the work-site on or after October 1, 1983. No insurance policy or contract shall be accepted as proof of financial responsibility of the owner and as evidence of the insuring of such person for injury to or death of persons and damage to property by the commissioner of motor vehicles required by chapter 246 if it excludes from coverage under such policy or contract any agent, representative or employee of such owner from such policy or contract. Any provision of such an insurance policy or contract effected after July 1, 1969, which excludes from coverage thereunder any agent, representative or employee of the owner of a motor vehicle involved in an accident with a fellow employee shall be null and void."

The trial court held that the bucket loader was not a "motor vehicle" as defined by General Statutes § 14-1 (30) and thus did not satisfy this requirement of the first sentence of § 31-293a for the exception to the general bar against actions based on the negligence of a fellow employee. As an alternative ground of the decision, the court also concluded that the bucket loader, though not specifically included among the items of contruction equipment listed in the second sentence as not being motor vehicles for purposes of § 31-293a, was "similar equipment designed for use principally off public roads" and thus could not be considered a motor vehicle for the purpose of the exception to the statutory bar. We agree with both these conclusions.

added.) General Statutes § 14-1 (30)[2] defines "motor vehicle" broadly as meaning "any vehicle propelled or drawn by any nonmuscular power," but excepts various self-propelled vehicles named specifically and also a category of vehicles referred to as "special mobile equipment as defined in subsection (i) of section 14-165."

General Statutes § 14-165 (i)[3] expressly defines "special mobile equipment" to mean "a vehicle not designed for the transportation of persons or property upon a highway and only incidentally operated or moved over a highway, including but not limited to . . . bucket loaders," as well as other listed items of similar construction equipment. Thus, it is clear that the bucket

[2] General Statutes § 14-1 (30) provides as follows: " 'Motor vehicle' means any vehicle propelled or drawn by any nonmuscular power, except aircraft, motor boats, road rollers, baggage trucks used about railroad stations or other mass transit facilities, electric battery-operated wheel chairs when operated by physically handicapped persons at speeds not exceeding fifteen miles per hour, golf carts operated on highways solely for the purpose of crossing from one part of the golf course to another, golf cart type vehicles operated on roads or highways on the grounds of state institutions by state employees, agricultural tractors, farm implements, such vehicles as run only on rails or tracks, self-propelled snow plows, snow blowers and lawn mowers, when used for purposes for which they were designed and operated at speeds not exceeding four miles per hour, whether or not the operator rides on or walks behind such equipment, bicycles with helper motors as defined in section 14-286, special mobile equipment as defined in subsection (i) of section 14-165 and any other vehicle not suitable for operation on a highway."

[3] General Statutes § 14-165 (i) provides as follows: " 'Special mobile equipment' means a vehicle not designed for the transportation of persons or property upon a highway and only incidentally operated or moved over a highway, including but not limited to ditch-digging apparatus, well-boring apparatus and road construction and maintenance machinery such as asphalt spreaders, bituminous mixers, bucket loaders, tractors other than truck tractors, ditchers, leveling graders, finishing machines, motor graders, road rollers, scarifiers, earth moving carry-alls and scrapers, power shovels and drag lines, and self-propelled cranes and earth moving equipment. The term does not include house trailers, dump trucks, truck-mounted transit mixers, cranes or shovels, or other vehicles designed for the transportation of persons or property to which machinery has been attached."

loader being operated by the defendant as the fellow employee of the plaintiff's decedent at the time of the accident was not a "motor vehicle" and that the negligence relied upon did not relate to the operation of a motor vehicle so as to escape the bar of § 31-293a against such actions. Accordingly, the trial court did not err in rendering summary judgment for the defendant.

The trial court filed a detailed memorandum of decision setting forth the facts and fully responding to the arguments of the plaintiff. *Ferreira* v. *Pisaturo,* 41 Conn. Sup. 326, 574 A.2d 1324 (1989). We adopt the trial court's decision as a statement of the facts and the applicable law. It would serve no useful purpose for us to repeat the very complete discussion contained therein.

The judgment is affirmed.