[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. United Oil Co. v. Urban Redevelopment Comm.,158 Conn. 364 (1969). A material fact is one that will make a difference in the case. Catz v. Rubenstein, 201 Conn. 39, 48
(1986). Summary judgment involves issue finding rather than issue determination. Yanow v. Teal Industries, 178 Conn. 262, 269
(1979).
In the case at bar, both parties have filed briefs, affidavits and documents in support of their respective positions. The affidavit of the movant is held to a stringent standard. Evans Products v. Clinton Building Supply, Inc., 174 Conn. 512,516 (1978). The moving party bears the burden of proof for showing the nonexistence of any disputed issue of material fact. Zapata v. Burns, 207 Conn. 496, 502 (1988). CT Page 1983
There must be evidence which a jury would not be at liberty to disbelieve. Batick v. Seymour, 186 Conn. 632 at 641 (1982). The facts are viewed in the light most favorable to the party opposing the motion. Rawling v. New Haven, 206 Conn. 100, 104
(1988). The non-movant is given the benefit of all the favorable inferences of facts in the affidavit. Catz, 201 Conn. 39, 49
(1986).
In the case at bar, the defendant argues that the vehicle in question was a "bucket loader" and, therefore, the plaintiff does not come within the ambit of the motor vehicle exception to the Worker's Compensation Act. See Connecticut General Statutes31-293a. See Affidavit of Allan Heinke 7. (The vehicle in question was "a front end bucket loader in which the front end bucket was removed and a jersey barrier picking device was attached to the front endloader.")
The defendant relies on Ferreira v. Pisaturo, 41 Conn. Sup. 326
(1990) aff'd. 215 Conn. 55 (1990) for the proposition that a bucket loader is not within the purview of the motor vehicle exception to the exclusive remedy of the Worker's Compensation Act. However, an issue of fact remains as to whether the vehicle in question was a bucket loader. See Gaetani affidavit 9.
Accordingly, the motion for summary judgment is denied.
SANTOS, J.