[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants, West Hartford Board of Education (Board of Education), Town of West Hartford (Town) and Peter Tierinni have moved for summary judgment on the grounds that there is no genuine issue of fact and they are entitled to judgment as a matter of law. They argue that the plaintiff's claims are barred by 31-293a of the Connecticut General Statutes, which is a portion of the Workers' Compensation Act. The plaintiff has argued that his claims fall within one or both of the exceptions CT Page 36 found within 31-293a, which provides that rights to recover against a fellow employee are not barred where the "wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in Section 14-1." Connecticut General Statutes 31-293a.
Based on the pleadings, affidavits and other documents filed in support of or in opposition to the Motion for Summary Judgment, the court finds the following facts. On June 18, 1987, the plaintiff, Artur Pinheiro, was riding on a tractor operated by the defendant Tierinni on the grounds of Hall High School in West Hartford, Connecticut. On that date Pinheiro and Tierinni were both employees of the defendant Board of Education and were acting within the scope of their employment. Pinheiro was injured when he was thrown off the tractor after it went over a curb. The tractor then ran over Pinheiro's left foot and left leg. The tractor was used for transporting equipment and supplies on the grounds of Hall High School. It was also operated on the parking lots, sidewalks and streets surrounding Hall High School. The tractor was not equipped with turn signal lights, rearview mirrors, a windshield, park lights, stop lights, or brakes on all wheels and could not be operated at a speed in excess of thirty miles per hours. Therefore, the tractor could not be registered as a motor vehicle.
A Motion for Summary should be granted when the pleadings, affidavits and other proof show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Practice Book Section 384; Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257
(1984). Orenstein v. Old Buckingham, 205 Conn. 572,574, 534 A.2d 1172 (1987).
Motor Vehicle Exception
The defendants claim that the first and second counts of the complaint are barred by 31-293a of the Connecticut General Statutes, which provides that the remedies under the workers' compensation statutes shall be the exclusive remedies for one who is injured by the negligence or wrong of a fellow employee. The plaintiff claims that the claims set forth in counts one and two come within the so-called motor vehicle exception to 31-293a. That exception applies where "the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in Section 14-1 [Connecticut General Statutes]." Section 14-1 (30) defines a "motor vehicle" as:
 . . . any vehicle propelled or drawn by any nonmuscular power, except aircraft, motor boats, road rollers, baggage trucks used about railroad CT Page 37 stations or other mass transit facilities, electric battery-operated wheel chairs when operated by physically handicapped persons at speed not exceeding fifteen miles per hour, golf carts operated on highways solely for the purpose of crossing from one part of the golf course to another, golf cart type vehicles operated on roads or highways on the grounds of state institutions by state employees, agricultural tractors, farm implements, such vehicles as run only on rails or tracks, self-propelled snow plows, snow blowers and lawn mowers, when used for the purposes for which they were designed and operated at speeds not exceeding four miles per hour, whether or not the operator rides on or walks behind such equipment, bicycles with helper motors as defined in Section 14-286, special mobile equipment as defined in subsection (i) of section 14-165 and any other vehicle not suitable for operation on a highway. (emphasis added).
The defendants argue that the tractor was not suitable for operation on a highway because it lacked various items required for registration of a motor vehicle. Section 14-12 of the Connecticut General Statutes requires that a vehicle must be registered before it can be operated on a highway. Therefore, the plaintiff argues, if a vehicle is not suitable for registration, it is not suitable for operation on a highway within the statutory definition of motor vehicle.
Suitability for registration requires that a vehicle be equipped with turn signal lights, 14-96 (e); rear view mirrors,14-99; windshield, 14-99f; fenders, 14-104, brakes on all wheels, 14-80h(b); parking brake system, 14-80h(d); exhaust system behind the driver's seat, 14-80 (d); stop lights,14-96e; park lights, 14-96e(b); and tail lights, 14-96c. The affidavits of a deputy commissioner of motor vehicles and an automotive engineer establish that the tractor in question lacked the equipment required by the foregoing statutes.
The court in Stanhope v. Stanhope, No. CV87-0426416 (Judicial District of Hartford/New Britain at New Britain, June 9, 1989, Aronson, J.), a case similar to the present one, held that a "truckster" did not fall within the statutory definition of motor vehicle because it lacked various equipment required for its registration and was, therefore, not suitable for operation on the highway.
The plaintiff argues that the grounds of Hall High CT Page 38 School, its surrounding sidewalks and streets constitute a highway. Section 14-1 (18) of the Connecticut General Statutes defines highway to include "any state or other public highway, road, street, avenue, alley, driveway, parkway or place, under the control of the state or any political subdivision of the state, dedicated, appropriated or opened to public travel or other use." The tractor was routinely operated on the Hall High School "highway" and, therefore, the defendants should be estopped from asserting that the tractor is not a motor vehicle.
The foregoing argument disregards the language of14-1 (30), which defines a motor vehicle in terms of suitability for operation on a highway, rather than use on a highway. See Ferreira v. Pisaturor 41 Conn. Sup. 326, aff'd 215 Conn. 55,573 A.2d 1216 (1990). In Ferreira the plaintiff argued that a payloader had been used extensively on a highway, the accident occurred on a highway, and, therefore, the payloader was "suitable for operation on a highway." After a thorough review of both the statutory language and legislative history, the court held that the vehicle's characteristics, and not its use, were determinative of its status as a motor vehicle, 41 Conn. Sup. at 346.
The tractor is further excluded from being a motor vehicle under specific statutory language of 14-1 (30) and4-165 (i). Section 14-1 (30) provides that the term motor vehicle does not include special mobile equipment as defined in subsection (i) of 14-165, which provides:
 "Special mobile equipment" means a vehicle not designed for the transportation of persons or property upon a highway and only incidentally operated or moved over a highway, including but not limited to ditch-digging apparatus, well-boring apparatus and road construction and maintenance machinery such as asphalt spreaders, bituminous mixers, bucket loaders, tractors other than truck tractors, ditchers, leveling graders, finishing machines, motor graders, road rollers, scarifiers, earth moving carry-alls and scrapers, power shovels and drag lines, and self-propelled cranes and earth moving equipment. The term does not include house trailers, dump trucks, truck-mounted transit mixers, cranes or shovels, or other vehicles designed for the transportation of persons or property to which machinery has been attached. (emphasis added)
The tractor in question here is specifically defined as constituting "special mobile equipment" and is, therefore, not a CT Page 39 motor vehicle.
Willful Action Exception
Count three of the complaint incorporates all allegations of counts one and two except the allegation of negligence. It alleges, "This incident and Mr. Pinheiro's injuries and losses were caused by the willful action of the defendant Tierinni in that he willfully struck the curb with the tractor." By his allegation the plaintiff seeks to invoke the second exception to 31-293a, which allows suit against a fellow employee for willful or malicious actions.
In Jett v. Dunlap, 179 Conn. 215, 220-221, 425 A.2d 1263
(1979) the court stated that serious or willful misconduct might permit a common law action against a fellow employee where such misconduct is calculated to harm the employee. However, such action will not lie against an employer unless the employee whose conduct injured the plaintiff "is of such rank in the corporation that he may be deemed the alter ego of the corporation under the standards governing disregard of the corporate entity." There is no evidence to suggest that Tierinni was the "alter ego" of the Board of Education or the Town. They are not liable to the plaintiff under the third count of the complaint.
Serious or willful misconduct which gives use to common law remedies is conduct which is calculated to harm the employee. Jett v. Dunlap, 179 Conn. 215, 220-221, 425 A.2d 1263 (1979); Mingachos v. CBS, Inc., 196 Conn. 91, 102-103, 491 A.2d 368
(1985). A plaintiff cannot transform a negligence count into a count of willful and wanton misconduct merely by appending a string of adjectives to an allegation that clearly sounds in negligence. Brown v. Branford, 12 Conn. App. 106, 110,529 A.2d 743 (1987).
The plaintiff's affidavit dated January 14, 1991, stated that he and defendant Tierinni were proceeding from one side of Hall High School to another to work on landscaping of the grounds to prepare it for a graduation ceremony. Their normal route was blocked by workers and students preparing the chairs and stands for the graduation ceremony. Therefore, the tractor had to go around the workers and students and proceeded over a curb. As the tractor was going over the curb, the plaintiff was thrown off the tractor and run over by it.
The foregoing description from the plaintiff's affidavit contains no allegation of any malicious, intentional or willful act by defendant Tierinni. Rather, it supports the defendants' contention that Tierinni's conduct was nothing more than negligent. Therefore, the third count does not impose liability CT Page 40 on Tierinni.
For the reasons set forth above, summary judgment is granted on all counts of the complaint in favor of all defendants.
BY THE COURT, AURIGEMMA, J.