[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, Frank Gatti, alleges that he was injured when he fell from a golf cart which was being driven by the defendant Gary Osborne. At the time of the fall Gatti and Osborne were acting in the course of their employment by the defendant Hartford Distributors, Inc.
The defendants have moved for summary judgment on the grounds that (1) the plaintiff's sole remedy against his employer is under the workers' compensation statutes as provided by 31-284(a) of the Connecticut General Statutes and (2) recovery against Osborne is barred by 31-293a of the Connecticut General Statutes because the golf cart operated by Osborne is not a motor vehicle within the meaning of 31-293a.
The defendants have stated that the plaintiff has applied for and received workers' compensation benefits from Hartford Distributors, Inc. for the injuries which are the CT Page 7506 subject of this action. It is, apparently, for this reason that the plaintiff does not oppose the motion for Summary Judgment as to Hartford Distributors, Inc. and the Motion is hereby granted in favor of that defendant on the grounds that the plaintiff's claim against it is barred by31-284(a).
Section 31-293a provides: "If an employee . . . has a right to benefits or compensation under this chapter on account of injury . . . caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent of such injured employee . . . and no action may be brought against such fellow employee unless such wrong was willful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in Section 14-1."
C.G.S. 14-1(a)(47) states:
 "Motor vehicle" means any vehicle propelled or drawn by an nonmuscular power, except aircraft, motor boats, road rollers, baggage trucks used about railroad stations or other mass transit facilities, electric battery-operated wheel chairs when operated by physically handicapped persons at speeds not exceeding fifteen miles per hour, golf carts operated on highweays [highways] solely for the purpose of crossing from one part of the golf course to another, golf cart type vehicles operated on roads or highways on the grounds of state institutions by state employees, agricultural tractors, farm implements, such vehicles as run only on rails or tracks, self-propelled snow plows, snow blowers and lawn mowers, when used for the purposes for which they were designed and operated at speeds not exceeding four miles per hour, whether or not the operator rides on or walks behind such equipment, bicycles with helper motors as defined in Section 14-286, special mobile equipment as defined in Subsection (i) of Section 14-165 and any other vehicle not suitable for operation on a highway; (emphasis added).
The defendants argue that this case is analogous to the cases of Ferreira v. Piscaturo, 215 Conn. 55,573 A.2d 1216 (1990) and Pinheiro v. Board of Education of CT Page 7507 West Hartford, 30 Conn. App. 263, 670 A.2d 159 (1993). In Ferreira the Court held that a bucket loader was "special mobile equipment" which was specifically excepted from the definition of "motor vehicle" under 14-1(30) and14-165(i) of the Connecticut General Statutes. In Pinheiro the Court held at a tractor used on school grounds was excluded from the statutory definition of a motor vehicle because it fell within the category of "any other vehicle not suitable for operation on a highway." See 14-1(a)(47).
The distinction between this case and Ferreira and Pinheiro lies in the language of 14-1(a)(47) emphasized above. In Ferreiro 14-1(30) specifically excepted the bucket loader, a piece of special mobile equipment, from the definition of "motor vehicle." In Pinheiro, 14-1(a)(47) specifically excepted any other vehicle, including the tractor in question, not suitable for operation on a highway, from the definition of a motor vehicle. However, in this case, 14-1(a)(47) excludes only certain golf carts from the statutory definition of motor vehicles. It excludes "golf carts operated on highways solely for the purpose of crossing from one part of the golf course to another" and "golf cart type vehicles operated on roads or highways on the grounds of state institutions by state employees." The golf cart involved in the plaintiff's accident does not fall within either of those two categories.
Section 14-1(a)(47) has not excepted all golf carts from the definition of "motor vehicle," but only those golf carts which fall within the aforementioned categories. The meaning of a statute is found in the language actually used, not in what might have been meant, but in what is said. Daly v. New Britain Machine Co., 200 Conn. 562, 571,512 A.2d 893 (1986). In construing a statute, one is confined to the intention expressed in the words used. Board of Education v. Freedom of Information Commission,208 Conn. 442, 450, 545 A.2d 1064 (1988).
The defendants argue that the consideration of the golf cart in question as a motor vehicle runs contrary to the purpose of the motor vehicle exception to 31-293a
set forth in Dias v. Adams, 189 Conn. 354, 359060,456 A.2d 309 (1983) as follows: CT Page 7508
 Unlike the special hazards of the work place, the risk of a motor vehicle accident is a common danger to which the general public is exposed. Particular occupations may subject some employees to a greater degree of exposure to that risk. The nature of the risk remains unchanged, however, and in many employments it is no greater than for the general public. The legislature has chosen, therefore, not to extend the immunity given to fellow employees by 31-293a to accidents having a less distinct relationship to the hazards of the employment. At the same time it has accorded the injured employee, in addition to workers' compensation, the same remedy he would have against a member of the general public who caused a motor vehicle accident.
It does not appear that the risk to the plaintiff here was the same as that undertaken by the general public in operating motor vehicles. Therefore, the foregoing language from Dias supports the defendants' position that the golf cart in question was not a motor vehicle. However, that position is contrary to the language of the statute. The court is bound by the language of the statute.
The defendants also argue that the golf cart in question is not a motor vehicle under the final phrase of14-1(a)(47) which excludes from the "motor vehicle" definition "any other vehicle not suitable for operation on a highway." The golf cart lacked many items of equipment required under Title 14 of the Connecticut General Statutes to make it suitable for operation on a highway. It had no windshield or wipers (14-99f), no headlights (14-96b), no turn signals (14-96e). It also contained the following warning affixed to the center of the steering wheel:
 Warning. This vehicle was not manufactured for use on public streets and does not comply with federal motor vehicle safety standards applicable to passenger cars.
When the statute is construed in accordance with the rules of statutory construction, the interpretation urged by the defendants is incorrect. "When there are two provisions in a statute, one of which is general and designed to apply CT Page 7509 to cases generally, and the other is particular and relates to only one case or subject within the scope of a general provision, then the particular provision must prevail; and if both cannot apply, the particular provision will be treated as an exception to the general provision." Meriden v. Board of Tax Review, 161 Conn. 396, 402,288 A.2d 435 (1971); Gaynor v. Union Trust Co., 216 Conn. 458,476-77, 582 A.2d 190 (1990). Section 14-1(a)(47) specifically mentions golf carts and excepts only certain golf carts from the "motor vehicle" definition. Therefore, the phrase "any other vehicle" refers to vehicles other than golf carts and cannot apply to remove the golf cart in question from those vehicles which are "motor vehicles" under the statute.
For the foregoing reasons, the Motion for Summary Judgment is granted as to Hartford Distributors, Inc. and denied as to Gary Osborne.
BY THE COURT
Aurigemma, J.