[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
FACTS
Thomas C. Grabbert (plaintiff) began the action with a summons and complaint returnable on November 19, 1991. In the CT Page 12570 complaint, the plaintiff alleges that General Dynamics (defendant) violated General Statutes § 31-290a by wrongfully terminating him as a result of the plaintiff's pursuit of Workers' Compensation claims. Before the court is the defendant's motion for summary judgment filed September 7, 1994.
The plaintiff was hired by the defendant's Electric Boat Division on November 11, 1978 as a grinder. Between November 1978 and August 1989, the plaintiff filed three claims for Worker's Compensation benefits. Throughout the same period, the plaintiff's performance was rated as average or above average. On June 12, 1989, the plaintiff was transferred to `mixed crews' and assigned as a structural welder/grinder chipper foreman. The relevant rating/ranking period began March 1, 1989 and ended the last day of February 1990. The plaintiff reported an alleged work related back injury on September 13, 1989 and was out of work until May 1, 1990, with the exception of four days in late October and early November 1989. The defendant had knowledge of the injury on September 13, 1989.
The defendant filed a "Notice of Controversion of Right to Compensation" on November 9, 1989 "in anticipation that Plaintiff might eventually file a claim for compensation under the Federal Act." (Defendant's memorandum in support, p. 7, para. 20). For the rating period that ended in February 1990, the defendant rated the plaintiff marginally satisfactory/suitably placed and ranked him 13 out of 13 in the peer group. Upon returning to work on May 2, 1990, the plaintiff was assigned light duty office work. On May 7, 1990, the plaintiff filed Workers' Compensation claims with the state of Connecticut and with the federal government under the Longshoreman's Act. Defendant selected the plaintiff for lay-off on October 1, 1990 with an effective date of November 1, 1990.
The plaintiff alleges that he is the victim of wrongful termination on account of his Workers' Compensation claims. The defendant then advances legitimate reasons for terminating the plaintiff. The defendant moves this court for summary judgment and argues that it is entitled to summary judgment because it has "proven in overwhelming fashion ample justification for the rating and ranking of Plaintiff which was the proximate cause of his selection for layoff." CT Page 12571 (Memorandum in Support, p. 22) The defendant dismisses the plaintiff's claim of pretextual evaluations without comment. (Memorandum of support, p. 23)
DISCUSSION
The standard for considering a motion for summary judgment is well established. Pursuant to Practice Book § 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which entitle him to judgment as a matter of law. Suarez v.Dickmont Plastics Corp. , 229 Conn. 99, 105 (1994); D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . the test is whether a party would be entitled to a directed verdict on the same facts." (citations omitted; internal quotation marks omitted.) Connell v.Colwell, 214 Conn. 242, 246-47 (1990).
"It [summary judgment] is . . . apt to be ill adapted to cases of a complex nature or to those involving important public issues, which often need the full exploration of trial. . . . It is also well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions. . . . It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given to their testimony can be appraised." (Citations omitted; internal quotation marks omitted.) United Oil Co. v.Urban Redevelopment Commission, supra, 158 Conn. 375-76. See:Suarez v. Dickmont Plastics Corp. , supra, 229 Conn. 111.
"If an issue of fact does exist, the trial court cannot try that issue. . . . The nonmovant has a constitutional right to have a jury decide any issue of fact." (Citations omitted.) Ferreira v. Pisaturo, 41 Conn. Sup. 326, 335,574 A.2d 1324 (1989), aff'd 215 Conn. 55, 573 A.2d 1216 (1990). "Issue of fact encompasses not only evidentiary facts in issue CT Page 12572 but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them, . . . [S]ummary judgment is to be denied where there exist genuine issues of fact and inferences of mixed law and fact to be drawn from the evidence before the Court. . . . In United States v. Diebold, Inc., 369 U.S. 654, 655, the United States Supreme Court noted that summary judgment should have been denied where a study of the record revealed that inferences contrary to those drawn by the trial court might be permissible and thus raise a genuine issue as to the ultimate facts." (citations omitted; internal quotation marks omitted.) United Oil Co. v. Urban Redevelopment Commission, supra, 158 Conn. 379.
"Our Supreme Court has set forth the allocation of burdens of proof and order of presentation of proof in discrimination cases brought pursuant to [General statutes §]31-290a in Ford v. Blue Cross Blue Shield of Connecticut,Inc., 216 Conn. 40, 578 A.2d 1054 (1990). The plaintiff bears the initial burden of proving by the preponderance of the evidence a prima facie case of discrimination. . . . In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination. . . . If the plaintiff meets this initial burden, the burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of a legitimate, nondiscriminatory reason for its actions. . . . If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. . . . The plaintiff then must satisfy her burden of persuading the factfinder that she was the victim of discrimination either directly by persuading the court [or jury] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." (Citations omitted; internal quotation marks omitted.) Erisoty v. Merrow MachineCo., 34 Conn. App. 708, 710-11, 643 A.2d 898 (1994). See Fordv. Blue Cross Blue Shield of Conn., 216 Conn. 40,578 A.2d 1054 (1990), McDonnell Douglas Corporation v. Green, 411 U.S. 792,93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
Both the defendant, in its motion for summary judgment and memorandum in support, and the plaintiff, in his memorandum in opposition, rely on Erisoty v. Merrow MachineCT Page 12573Co., supra, 34 Conn. App. 708, as controlling authority in determining whether summary judgment is appropriate in the instant case. The Erisoty court's affirmation of the analysis in Ford v. Blue Cross Blue Shield of Conn., supra,216 Conn. 40 (1990), is controlling in this case.
The court finds that the plaintiff has presented evidence that gives rise to an inference of unlawful discrimination. The plaintiff was injured in the course of his employment with a resulting long period of absence to seek medical attention and recover. The defendant anticipated and controverted possible workers' compensation and longshoreman's benefits and later terminated the plaintiff. According to Erisoty the burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of a legitimate, nondiscriminatory reason for its actions. This, the defendant has done. The defendant argues that the plaintiff was the least experienced as a `mixed group' foreman and that, combined with his absences, which allowed no opportunity to improve, legitimately placed him 13 out of 13 in his peer group. The defendant also advances the argument that business conditions forced it to reduce the work force, which it did by way of layoff. At this point a genuine issue as to material facts exist. The plaintiff has demonstrated a prima facie case of wrongful termination and the defendant has proffered evidence which rebuts the presumption of discrimination. According to Erisoty "the factual inquiry proceeds to a new level of specificity. . . . The plaintiff then must satisfy [his] burden of persuading the factfinder that [he] was the victim of discrimination either directly by persuading the court [or jury] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence."Erisoty v. Merrow Machine Co., supra, 34 Conn. App. 710-11.
The court, therefore, finds that there is a material issue of fact with regards to the plaintiff's termination. Therefore, the defendant's motion for summary judgment is hereby denied.
Hurley, J. CT Page 12574