[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 19, 1995
The facts alleged in the plaintiffs' amended complaint, taken at face value, confirm that truth is stranger than fiction. In an amended complaint filed July 13, 1994, the plaintiffs, Carol and Sabbo Roda, allege that on September 9, 1993, Carol Roda was a patron at a recreational facility known as Holiday Hill. The Holiday Hill facility is owned and operated by the defendants Progran Limited Partnership (Progran) and J. Cunningham, Inc. (Cunningham). The plaintiffs allege that on that date, Carol Roda participated in an event organized and sponsored by Progran and Cunningham, known as the "You Bet Your Life" blindfolded golf cart race. It is alleged that as part of the event, Carol Roda was required to ride as a front seat passenger in a golf cart owned by Progran and operated by the defendant, Paul Carlson, who was operating the golf cart while blindfolded. The plaintiffs further allege that Carol Roda sustained injuries when the blindfolded Carlson drove the golf cart into bushes surrounding the race course. CT Page 469-G
In the fifth count of the amended complaint, Carol Roda asserts negligence claims against Carlson, Progran and Cunningham. In this count, Carol Roda also asserts a claim pursuant to General Statutes § 31-293a
which seeks to recover damages in excess of the amounts paid to her by her employer pursuant to the Workers' Compensation Act. In the sixth count, Sabbo Roda asserts a loss of consortium claim against Carlson, Progran and Cunningham based on the injuries allegedly sustained by his wife, Carol Roda. (The first four counts assert negligence and loss of consortium claims which are not relevant for purposes of ruling on the motion pending before the court.) On November 2, 1994, Carlson filed a motion for summary judgment (#124) on the fifth and sixth counts of the amended complaint, along with a memorandum of law and supporting affidavits. In moving for summary judgment, Carlson argues that the golf cart upon which the plaintiff was riding at the time she sustained her injuries is not, as a matter of law, a motor vehicle as defined in General Statutes § 14-1(a)(47).
On December 5, 1994, the plaintiffs filed a memorandum in opposition, and Progran and Cunningham filed an "objection" to Carlson's motion. At short calendar on December 5, 1994, Progran and Cunningham requested a continuance pursuant to Practice Book § 382 so that they could conduct further discovery with respect to Carlson's motion. Carlson objected to the granting of a continuance on the ground that the issue before the court (whether a golf cart is a motor vehicle) is an issue of law, and that Progran and Cunningham's request for a continuance involves their attempts to obtain discovery with respect to Carlson's insurance coverage.
The court denies Progran and Cunningham's request for a continuance, as their discovery request is not relevant to the issue raised in Carlson's motion for summary judgment. Progran and Cunningham's "objection" specifically addresses the issue of whether a golf cart is a motor vehicle. Furthermore, all of the parties to this action had previously briefed this issue with respect to a motion to strike (#110) filed by CT Page 469-H Carlson on September 8, 1994. Accordingly, there appears to be no need for additional discovery and the court will address Carlson's motion for summary judgment on the merits.
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105 (1994). The burden is on the movant to show that there is no genuine issue of material fact. Id. A material fact is one that will make a difference in the outcome of a case. Yanow v. Teal Industries, Inc.,178 Conn. 262, 268-69 (1979). In ruling on a motion for summary judgment, the court must view the facts presented in the light most favorable to the non-moving party. Suarez v. Dickmont Plastics Corp., supra,229 Conn. 105.
In support of his motion for summary judgment, Carlson argues that because the golf cart upon which the plaintiff was riding at the time of the incident was not suitable for operation on the highway, it does not meet the statutory requirements of General Statutes § 14-1, and thus, the golf cart is not a motor vehicle for purposes of General Statutes § 31-293a. Carlson further argues that because the golf cart is not a motor vehicle for purposes of § 31-293a, the plaintiffs' claims pursuant to the motor vehicle exception in § 31-293a
must fail as a matter of law.
General Statutes § 31-293a provides in pertinent part that:
 If an employee . . . has a right to benefits or compensation under this chapter on account of injury . . . caused by the negligence or wrong of a fellow employee . . . no action may be brought against such fellow employee unless such wrong was willful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1. . . (Emphasis added.) CT Page 469-I
While the plaintiffs seek to recover from Carlson pursuant to this statute, the plaintiffs do not allege that Carol Roda was injured in a work-related accident, nor do they allege that Carlson and Carol Roda were employed by the same employer at the time of the accident. Nevertheless, in his affidavit, Carlson attests that at the time of the accident, both he and Carol Roda were employed by Van de Bergh Foods Company, and that they were attending a work-related event. (See the affidavit of Carlson at ¶¶ 2, 3, and 4.) Because neither the plaintiffs nor Progran or Cunningham contradict the facts stated in Carlson's affidavit, the court may rely on these statements. Bartha v.Waterbury House Wrecking Co., Inc., 190 Conn. 8,11-12 (1983). Furthermore, because the plaintiffs do not allege that Carol Roda was injured due to a willful or malicious act of a fellow employee, the plaintiffs may recover against Carlson only if he was operating a motor vehicle as defined in General Statutes § 14-1(a)(47) at the time of the accident.
 General Statutes § 14-1(a) provides in pertinent part that:
 (47) "Motor vehicle" means any vehicle propelled or drawn by non-muscular power, except aircraft, motor boats, road rollers, baggage trucks . . . golf carts operated on highways solely for the purpose of crossing from one part of the golf course to another, golf cart type vehicles operated on roads or highways on the grounds of state institutions by state employees, . . . special mobile equipment as defined in subsection (i) of section 14-165 and any other vehicle not suitable for operation on the highway.
(Emphasis added.) In support of his motion for summary judgment, Carlson argues that even in light of the specific language which excludes certain golf carts from the definition of a "motor vehicle," golf carts in general are not motor vehicles because they are not vehicles suitable for operation on the highway. In response, the plaintiffs argue that the legislature's decision to exclude a specific use of a golf cart from categorization as a motor vehicle inherently recognizes CT Page 469-J that a golf cart when used for other purposes, is a motor vehicle.
Ordinarily, if the provisions of a statute are plain and unambiguous, "we need look no further for interpretive guidance because we assume that the words themselves express the intention of the legislature."Rhodes v. Hartford, 201 Conn. 89, 93 (1986). But, § 14-1 (a) (47) is not a "plain and unambiguous" statute. In that case, "the fundamental objective of statutory construction is to ascertain and give effect to the apparent intent of the legislature." Warkentin v. Burns,223 Conn. 14, 20 (1992). In determining the legislature's intent, the "court is to be guided by the language, purpose and legislative history of the statute in question." Vanzant v. Hall, 219 Conn. 674, 682
(1991). "[P]rinciples of statutory construction . . . require us to construe a statute in a manner that will not thwart its intended purpose or lead to absurd results." (Citations omitted; internal quotation marks omitted.) Concept Associates, Ltd. v. Board of TaxReview, 229 Conn. 618, 624 (1994). "We must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve." Id.
The language of § 14-1(a)(47) excludes certain golf carts from the definition of "motor vehicle." Based on the facts of this case, the court need only concern itself with the language of § 14-1(a)(47) that excludes "golf carts operated on highways solely for the purpose of crossing from one part of the golf course to another," as the plaintiffs do not allege in the present case that the golf cart was being operated on the grounds of a state institution by a state employee. The plain language of the pertinent "golf cart exception" states that a golf cart is not a motor vehicle when it is operated on a highway "solely for the purpose of crossing from one part of the golf course to another." (Emphasis added.) The legislative history is supportive, as the purpose behind this was to prevent golf course owners from having to register their golf carts with the Department of Motor Vehicles just because patrons had to drive the carts across public highways to access other parts of the course.[1] Moreover, the language of this CT Page 469-K statute does not expressly state whether a golf cart is a "motor vehicle" when it is not operated on a highway or when it is operated on a highway for a purpose other than "crossing from one part of the golf course to another." The legislative history also fails to answer this question.
In arguing that a golf cart is not a motor vehicle, Carlson also relies on the catch-all language at the end of § 14-1 (a)(47) which excludes from the definition of a motor vehicle "any other vehicle not suitable for operation on the highway." In response, the plaintiffs argue that because § 14-1(a)(47) specifically mentions golf carts and exempts only certain golf carts from the definition of a "motor vehicle," the catch-all exception does not prevent other golf carts from being classified as motor vehicles.
In Pinheiro v. Board of Education, 30 Conn. App. 263
(1993), the court held that:
 The phrase "any other vehicle not suitable for operation on highway" must be understood by reference to the specifically enumerated vehicles that precede it, which are also excluded from the definition of a motor vehicle. Under the rule of statutory construction known as ejusdem generis, "where a particular enumeration is followed by general descriptive words, the latter will be understood as limited in their scope to matters and things of the same general kind or character as those specified in the particular enumeration, unless there is something to show a contrary intention . . . When no such contrary intent appears, the general words will be construed with reference to the context, and the specific terms with which the general are associated in the context will control the meaning to be given to the more general expression used in their immediate connection . . . Most of the enumerated vehicles specifically excluded from the definition of motor vehicles in § 14-1(a)(47) are certainly capable of being operated on a highway but are nonetheless not suitable for such use because of their design . . . It is therefore the vehicle's design that controls in determining whether a particular vehicle is suitable CT Page 469-L for operation on a highway and qualifies as a motor vehicle."
(Citations omitted; emphasis in original.) Id., 272-73. The court held that the trial court correctly concluded that the tractor involved in that case was not a motor vehicle as defined in § 14-1 (a) (47), and therefore, not a motor vehicle for purposes of § 31-293a, as the tractor "[did] not incorporate in its design many equipment items necessary for its registration . . ." Id., 273. The court further commented that "the mere fact that the tractor was operated on a highway at various times and is therefore capable of doing so does not mean that it is a motor vehicle for purposes of § 14-1 (a)(47)." Id.
In Gatti v. Hartford Distributors, Inc., 9 CONN. L. RPTR. 568, 8 CSCR 941 (1993) (Aurigemma, J.), a case in which the plaintiff was injured during the course of his employment while riding on a golf cart operated by a fellow employee, the court, in interpreting § 14-1(a)(47), held that:
 Section 14-1 (a)(47) specifically mentions golf carts and excepts only certain golf carts from the "motor vehicle" definition. Therefore, the phrase "any other vehicle" refers to vehicles other than golf carts and cannot apply to remove the golf cart in question from those vehicles which are "motor vehicles" under the statute.
Id., 942. The court, while noting that the golf cart in question "lacked many items of equipment required under Title 14 of the Connecticut General Statutes to make it suitable for operation on the highway," held that the rules of statutory construction mandated the conclusion that the golf cart in question was a motor vehicle as defined in § 14-1(a) (47), and accordingly, denied the defendant's motion for summary judgment.Id. The plaintiffs rely on this case in opposing Carlson's motion for summary judgment.
In Smith v. The Associated Food Distributors Co.,1 CSCR 301, 302 (1986) (Harrigan, J.), the court denied a motion for summary judgment with respect to the issue of whether a forklift was a motor vehicle as defined in § 14-1(a)(47). In so doing, the court noted CT Page 469-M that the statute did not specifically exclude forklifts.Id., 302. The court held that the issue of suitability for operation on the highway was a question for the trier of fact. Id. In reaching its conclusion, the court considered an affidavit submitted by the defendant's expert witness and concluded that such expert opinion "should be subject to the same scrutiny as the testimony of any other witness." Id.
The court need not conclude that a golf cart which does not fall into one of the "golf cart exceptions" is a motor vehicle as a matter of law, as the court did in the Gatti case. In deciding the present motion, the court will follow the rule that "the vehicle's design . . . controls in determining whether a particular vehicle is suitable for operation on a highway and qualifies as a motor vehicle." See Pinheiro v. Board of Education,supra, 30 Conn. App. 272-73. The court notes that Carlson and Progran submitted conflicting affidavits, including the affidavit of an expert witness from the Department of Motor Vehicles, with respect to the equipment (or lack thereof) and design of the golf cart. These affidavits raise genuine issues of material fact which defy solution by summary judgment of matters which should be resolved by the trier of fact. Accordingly, the court denies Carlson's motion for summary judgment.