[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARYJUDGMENT (NO. 106)
I
The factual and procedural background of this case is as follows.
The plaintiff, Clock DeCloux, a Connecticut partnership, instituted this action against the defendants, MM Poultry, John Lombardi, Jr. and Jerry Kil, for money damages essentially claiming a breach of lease. The two count I complaint, dated March 8, 1994, claims a breach of lease for failure to pay rent against defendant tenant MM Poultry in count one, and breach of contract against defendants Lombardi and Kil, guarantors of the lease, in count two for refusing to honor their guarantees.
 II
The standard for considering a motion for summary judgment is well established. Pursuant to Practice Book § 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which entitle him to judgment as a matter of law. Suarez v. Dickmont PlasticsCorp. , 229 Conn. 99, 105 (1994); D.H.R. Construction Co. v.Donnelly, 180 Conn. 430, 434 (1980). CT Page 1215
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . the test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Connell v. Colwell,214 Conn. 242, 246-47 (1990).
"If an issue of fact does exist, the trial court cannot try that issue. . . . The nonmovant has a constitutional right to have a jury decide any issue of fact." (Citations omitted.)Ferreira v. Pisaturo, 41 Conn. Sup. 326, 335 (1989), aff'd215 Conn. 55.[,] (1990). "[The phrase] `issue of fact' encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them. . . . [S]ummary judgment is to be denied where there exist genuine issues of fact and inferences of mixed law and fact to be drawn from the evidence before the Court. . . . In United States v.Diebold Inc., 369 U.S. 654, 655, the United States Supreme Court noted that summary judgment should have been denied when a study of the record revealed that inferences contrary to those drawn by the trial court might be permissible and thus raise a genuine issue as to the ultimate facts." (Citations omitted; internal quotation marks omitted.) United Oil Co. v.Urban Redevelopment Commission, supra, 158 Conn. 379.
 III
The plaintiff claims that the defendant tenant failed to make any rent payments due on the lease since November 1991. The defendants claim that the lease was modified, that the tenant fully performed its obligations under the modification, and hence, there was an accord and satisfaction. The plaintiff submits an affidavit of Jerome Srednicki, one of its partners, which basically recites the terms of the lease. MM Poultry submits an affidavit of John Lombardi, one of its partners and a party to this action, that sets forth facts tending to show oral modification and accord and satisfaction. The material facts are clearly in dispute.
It is evident from the pleadings and documentary materials in the record that genuine issues of material fact exist with respect to whether the lease was modified and whether there was an accord and satisfaction. Therefore, the CT Page 1216 plaintiff who is the movant for summary judgment, failed to meet its burden to show the absence of any genuine issue of material fact. Consequently, the court denies the plaintiff Motion for Summary Judgment.
Teller, J.