[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT OF DEFENDANTAIU INSURANCE COMPANY (NO. 123)
I
The plaintiff, Daryl Drake, instituted this action against defendants, AIU Insurance Co. (AIU) and Colonial Penn Insurance Co. (Penn), by a two count complaint filed October 4, 1993, seeking uninsured/underinsured motorist coverage. The defendants have filed answers to the complaint denying material allegations.
AIU then filed an amended answer and a counterclaim. The counterclaim alleges that the plaintiff's insurance coverage with CT Page 3212 Penn is primary and the insurance coverage with AIU is excess. Additionally, on June 20, 1994, AIU filed a cross complaint against the co-defendant, Penn. The cross complaint alleges that Penn's coverage is primary and that AIU's policy is excess.
Presently before the court is AIU's motion which seeks summary judgment on both the counterclaim against the plaintiff and its cross complaint against Penn. AIU argues that the Penn policy is primary and the AIU policy is excess, as a matter of law.
The action involves an automobile accident allegedly occurring on November 9, 1991. The plaintiff was a passenger in a car driven by Stacy Glaude and owned by James Glaude. An automobile driven by one Strickland negligently turned into the path of opposing traffic causing the collision in which the plaintiff was injured. The plaintiff resolved his claim against Strickland for $25,000, the tortfeasor's liability policy limits.
The plaintiff alleges that, at the time of the accident, his claim for uninsured/underinsured insurance was covered by two policies. He claims coverage under the AIU policy by virtue of being a resident relative of the named insured, Carolyn Drake; he claims coverage under the Penn policy which covered the Glaude's vehicle in which he was a passenger.
 II
The standard for considering a motion for summary judgment is well established. Pursuant to Practice Book § 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which entitle him to judgment as a matter of law. Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105 (1994); D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434 (1980).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . the test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Connell v. Colwell,
CT Page 3213214 Conn. 242, 246-47 (1990).
"If an issue of fact does exist, the trial court cannot try that issue . . . . The nonmovant has a constitutional right to have a jury decide any issue of fact." (Citations omitted.)Ferreira v. Pisaturo, 41 Conn. Sup. 326, 335 (1989), aff'd215 Conn. 55 (1990). "[An] issue of fact encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them . . . . [S]ummary judgment is to be denied where there exist genuine issues of fact and inferences of mixed law and fact to be drawn from the evidence before the Court . . . . In United States v. Diebold, Inc.,369 U.S. 654, 655, the United States Supreme Court noted that summary judgment should have been denied where a study of the record revealed that inferences contrary to those drawn by the trial court might be permissible and thus raise a genuine issue as to the ultimate facts." (Citations omitted; internal quotation marks omitted.) United Oil Co. v. Urban Redevelopment Commission,
supra, 158 Conn. 364, 379 (1969).
In this case, genuine issues of material fact exist. Most fundamentally, the authenticity and genuineness of the policies are in question. In addition, it is evident that several other factual inquiries are necessary before the determination of which policy is primary and which is excess can be made. The movant, AIU, assumes facts not admitted by the other parties in arguing its motion for summary judgment. On this record, it is clear that summary judgment is inappropriate.
Accordingly, AIU's motion for summary judgment is hereby denied.
Teller, J.