[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 102)
On August 12, 1999, the plaintiff, Gregory Fields, filed a one count amended complaint alleging the following facts.[1] On February 11, 1997, the plaintiff and the defendant, Wilfredo Giron, co-employees, were engaged in the course of their CT Page 186 employment for their employer, Alpine, The Care of Trees, Inc., when the plaintiff sustained personal injuries. The defendant was attempting to remove a tree that was frozen in a pond by attaching a rope running from the tree, through a block and tackle, to the back end of the truck. Giron allegedly accelerated the truck while trying to remove the tree when the rope gave way causing the block and tackle to strike the plaintiff, breaking his leg in two places. The amended complaint alleges that Giron operated the truck in a negligently unsafe manner.
The defendant moves to strike count one of the plaintiff's amended complaint based on the exclusivity of the Workers' Compensation Act, General Statutes § 31-284 et seq. The plaintiff, however, contends that because his injuries were the result of the operation of a motor vehicle, he can maintain a cause of action against his co-employee in addition to Workers' Compensation.
General Statutes § 31-293a, which provides the exceptions to the exclusivity of the Worker's Compensation scheme, provides in relevant part:
 "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based in the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1."
The definition of motor vehicle for purposes of the motor vehicle exception to § 31-293a is controlled by the definition of motor vehicle in General Statutes § 14-1. General Statutes (Rev. to 1987) § 14-1(30) (now §41-1[a] [47]) defines motor vehicle broadly as meaning any vehicle propelled or drawn by any non-muscular power, but excepts various vehicles named specifically including a category of vehicles referred to as special mobile equipment as defined in subsection (i) of section 14-165 and any other vehicle not suitable for operation on a highway. Pinheiro v. Board of Education,30 Conn. App. 263, 269, 620 A.2d 159 (1993) (holding a tractor is not a motor vehicle under the statute because it is not suitable for operation on a highway). CT Page 187
The term "operation" is not defined in General Statutes §14-1; nevertheless, the cases clearly indicate that operation as it refers to a motor vehicle relates to the driving or movement of the vehicle itself or a circumstance resulting from the movement of the vehicle. Conti v. Rose Hill Poultry Co.,3 Conn. App. 246, 248 (1989). The construction of the term "operation of a motor vehicle" in General Statutes § 31-293a does not include activities unrelated to the movement of the vehicle.Conti, supra, 246, 248 (holding that since the defendants were not engaged in any activity related to driving or moving the truck, the plaintiff's action did not fall within the motor vehicle exception.)
This policy is found in Dias v. Adams, 189 Conn. 354, 359-60,456 A.2d 309 (1983) where the Supreme Court stated:
 "Although the legislative history of § 31-293a is not especially revealing, there is some evidence that the intention was to distinguish `simple negligence on the job' from negligence in the operation of a motor vehicle. Unlike the special hazards of the work place, the risk of a motor vehicle accident is a common danger to which the general public is exposed. Particular occupations may subject some employees to a greater degree of exposure to that risk. The nature of the risk remains unchanged, however, and in many employments it is no greater than for the general public. The legislature has chosen, therefore, not to extend the immunity given to fellow employees by § 31-293a to accidents having a less distinct relationship to the hazards of the employment. At the same time, it has accorded the injured employee, in addition to workers' compensation, the same remedy he would have against a member of the general public who caused a motor vehicle accident." Id., 359-60.
In Dias, the court held that the defendant's operation of the shovel component of a backhoe prevented the plaintiff from recovering under the motor vehicle exception to the Workers' Compensation scheme. See Dias v. Adams, supra, 189 Conn. 354.
In Ferreira v. Pisaturo, 41 Conn. Sup. 326, 574 A.2d 1324
(1989), aff'd, 215 Conn. 55, 573 A.2d 1216 (1990),[2] a "Clark Michigan 55 B" payloader was used in an unorthodox manner by running back and forth over a ditch to compact filled in dirt when it struck and fatally injured the plaintiff's decedent who CT Page 188 was working in the ditch. See id. The court, using the analytical framework of Dias v. Adams, supra, 189 Conn. 354, reasoned that the motor vehicle exception did not apply because:
 "The plaintiff's decedent, on the day in question, where he was working, subjected himself to the `special hazards of the workplace.' The risk of injury he faced was not that risk of a motor vehicle accident faced by the general public as a `common danger.' Clearly, the accident here had a `distinct relationship to the hazards of the employment.' . . . The general public is not exposed to the risk entailed by working in an open trench in close proximity to a piece of heavy construction equipment compacting earth in a portion of that trench. The plaintiff's decedent was not facing the hazards encountered by the general public as motorists or even pedestrians walking on or alongside a highway open to the public." (Citations omitted.) Ferreira v. Pisaturo, supra, 41 Conn. Sup. 352.
The court then addressed the significant facts of the present case in dicta:
 "Even if a car or truck had been used instead of the Clark Michigan 55 B to compact earth and the accident occurred just as it did here, analytically speaking, an argument could be made that, if the purpose behind the `motor vehicle exception' in General Statutes § 31-293a as set forth in Dias v. Adams, 189 Conn. 354, 456 A.2d 309 (1983), were to be extended to its logical conclusion, and the statute reworded accordingly, workers' compensation should be the exclusive remedy. The injury suffered and the risk assumed by the worker in that situation would still not be of the type faced by the general public in regards to ordinary usage of motor vehicles. That public does not work in trenches, and cars and trucks are not customarily used to compact earth on or near roads closed to the public in construction worksite areas. The fact that the statutory language was not written as expansively as it could have been to accomplish completely its purported purpose does not mean that what that language did effect toward the end — exclusion of `contractors' mobile equipment' from the definition of `motor vehicle' — should be emasculated by judicial embroidery and unjustified interpretations of particular statutes finding no basis in the purposes of the statutory scheme." (Emphasis added.) Ferreira v. Pisaturo, 41 Conn. Sup. 326, 352 n. 3, 574 A.2d 1324 (1989), aff'd, CT Page 189 215 Conn. 55, 573 A.2d 1216 (1990).
Applying the foregoing rationale to the present case, it is clear that the plaintiff's amended complaint does not state facts upon which the motor vehicle exception to the Workers' Compensation Act can be applied. Although the plaintiff alleges that the defendant was operating the employer's truck in the course of employment during the accident, the incident here had a clear distinct relationship connecting it to the hazards of the employment. See Dias v. Adams, supra, 189 Conn. 359-60. Based on the facts alleged, no member of the public is generally subjected to the type of harm that was caused by the motor vehicle in this case. See Ferreira v. Pisaturo, supra, 41 Conn. Sup. 352. When taken as true, the alleged injury resulted from the particularity of the situation in that the plaintiff was not on a common roadway, struck by a car, nor was the plaintiff inside the truck like a typical automobile accident. Rather, the plaintiff was at a worksite in close proximity to the defendant who was using the truck like a tool to pull a tree, a use that is not customarily one for a motor vehicle. Based on the plaintiff's allegations that the truck was used in a manner that the Supreme Court views as not within the ambit of the motor vehicle exception to the Workers' Compensation scheme; see Ferreira v. Pisaturo,215 Conn. 55; the plaintiff has failed to state a claim upon which relief to this type of cause of action — suing the co-employee in addition to the compensation statute — can be granted. Therefore, the defendants' motion to strike count one of the plaintiff's amended complaint is hereby GRANTED.
MELVILLE, J.