VIRGINIA DIAS, ADMINISTRATRIX (ESTATE OF
JOSE DIAS) *v.* JOSEPH ADAMS
(10845)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued December 3, 1982—decision released March 1, 1983

*Paul E. Pollock,* for the appellant (defendant).

*Robert R. Sheldon,* with whom, on the brief, was
*T. Paul Tremont,* for the appellee (plaintiff).

SHEA, J. The defendant has appealed from a
judgment upon a verdict for the plaintiff adminis-
tratrix awarding damages for the death of Jose

Dias, which occurred after he was struck by the shovel of a backhoe being operated by the defendant, Joseph Adams. Both the decedent and the defendant were employed by the same construction company. In a special defense the defendant pleaded the applicability of General Statutes § 31-293a,[1] which generally bars suits against fellow employees where workers' compensation is available to the injured employee. In her reply the plaintiff admitted that the accident was covered by the Workers' Compensation Act and that the defendant was a co-employee of the decedent. She claimed that her action could be maintained, nevertheless, under the exception in § 31-293a which permits a suit against a fellow employee "for negligence in the operation of a motor vehicle as defined in section 14-1." The trial court, in denying the motion of the defendant to set aside the verdict, held that the plaintiff's suit fell within this exception. This determination is the subject of the present appeal, in which the sole issue raised by the

---

[1] "[General Statutes] Sec. 31-293a. NO RIGHT AGAINST FELLOW EMPLOYEE; EXCEPTION. If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee except for negligence in the operation of a motor vehicle as defined in section 14-1 or unless such wrong was wilful or malicious. No insurance policy or contract shall be accepted as proof of financial responsibility of the owner and as evidence of the insuring of such person for injury to or death of persons and damage to property by the commissioner of motor vehicles required by chapter 246 if it excludes from coverage under such policy or contract any agent, representative or employee of such owner from such policy or contract. Any provision of such an insurance policy or contract effected after July 1, 1969, which excludes from coverage thereunder any agent, representative or employee of the owner of a motor vehicle involved in an accident with a fellow employee shall be null and void."

defendant is whether at the time of the accident he was operating a motor vehicle as contemplated by § 31-293a. We conclude that he was not so engaged and find error.

The facts relevant to the question before us are not disputed. On December 18, 1975, the plaintiff's decedent, Jose Dias, and the defendant, Joseph Adams, were employed by D. German Construction Company, Inc., and were installing sewer pipes on Wigwam Lane, a public highway in Stratford. Adams was operating an Ackerman backhoe while Dias was in a trench wrapping a chain around the bars of a steel box which the backhoe was to remove from the trench. Suddenly the shovel on the backhoe, to which one end of the chain was attached, dropped and struck Dias, who was severely injured and died as a result.

The backhoe was a self-propelled machine which used a diesel engine as its energy source both for locomotion and for movement of the boom to which the shovel or "bucket" was attached. It moved, not on rubber-tired wheels, but on two continuous metal treaded belts. The controls were situated in the cab of the backhoe, and the same levers which controlled its locomotion could also be used to operate the shovel once the operator manipulated a certain valve to transfer the power of the engine from the treads to the boom. The shovel could not be operated while the backhoe was in motion. At the time of the accident the operator had moved the valve into the proper position for operation of the shovel.

The defendant relies upon two grounds for support of his claim that the exception "for negligence in the operation of a motor vehicle" is inapplicable: (1) that the backhoe was not a "motor vehicle" as

delineated in General Statutes § 14-1 (26),[2] to which § 31-293a refers for definition of that term; and (2) that he was not engaged in operating the backhoe as a motor vehicle when the accident occurred. As we agree with the second contention, we shall not discuss the first.

In *Davey* v. *Pepperidge Farms, Inc.*, 180 Conn. 469, 429 A.2d 943 (1980), the situation was quite similar to the present case. There the plaintiff was injured when a hydraulic hoist attached to a flatbed truck was unloading some concrete blocks. The plaintiff had driven the truck to the delivery site and had operated the hoist, which used the truck engine as its power source, until it became stuck in an upright position. The movement of the hoist was controlled either by switches from the truck bed or by hand held switches attached to a twenty-foot cable. After the plaintiff had telephoned his employer, the defendant, a fellow employee, who was a mechanic, came to the scene. The defendant decided that the truck and hoist should be returned to the employer's plant for repairs. He instructed the plaintiff, who was standing beside the truck holding the hand control device,

---

[2] General Statutes § 14-1 (26) provides as follows: "(26) 'Motor vehicle' means any vehicle which is propelled or drawn by any power other than muscular, except aircraft, motor boats, road rollers, baggage trucks used about railroad stations or other mass transit facilities, electric battery-operated wheel chairs when operated by physically handicapped persons at speeds not exceeding fifteen miles per hour, golf carts operated on highways solely for the purpose of crossing from one part of the golf course to another, agricultural tractors, farm implements, such vehicles as run only upon rails or tracks, self-propelled snow plows, snow blowers and lawn mowers, when used for the purposes for which they were designed and operated at speeds not exceeding four miles per hour, whether or not the operator rides on or walks behind such equipment, bicycles with helper motors as defined in section 14-286 and any other vehicle not suitable for operation on a highway."

to move the hoist. The plaintiff pressed a switch which caused the hoist to move and strike some high voltage wires. The accident resulted.

We held in *Davey* that the hoist attached to the truck and being controlled at the time of the accident by remote controls on the ground was not a "motor vehicle" as defined by General Statutes § 14-1 (26). Id., 472-73. We also indicated, moreover, "that operation as it refers to a motor vehicle relates to the driving or movement of the vehicle itself or a circumstance resulting from the movement of the vehicle." Id., 472 n.1; see General Statutes § 14-1 (32); *State* v. *Swift,* 125 Conn. 399, 404, 6 A.2d 359 (1939).

In the case before us it is clear that, when the mishap took place, the defendant was doing nothing related to driving or moving the vehicle itself, which had been immobilized by switching the power from the treads to the boom. He was engaged only in operating the shovel. His negligence, which the jury found to have caused the accident, did not occur, therefore, in the operation of a motor vehicle, as § 31-293a requires for the exception allowing such a suit against a fellow employee.

The plaintiff relies upon differences between the backhoe and the vehicle described in *Davey* to escape the effect of that precedent, particularly the fact that the controls which operated the shovel on the backhoe were an integral part of it, unlike those for the hoist in *Davey* which were not situated in the cab of the truck. We did say in *Davey* that "[t]here is nothing to suggest that the use of any mechanical or electrical device not an integral part of the motor vehicle being driven can be considered operation of a motor vehicle." Id., 472

n.1. It does not follow, however, that the use of controls which have a dual purpose constitutes operation of a motor vehicle at a time when those controls cannot function to propel the backhoe, but are being used for a different purpose. The differences between the backhoe and the truck hoist in *Davey* may be significant in respect to whether the statutory definition of a "motor vehicle" has been met, a question we leave unresolved. It is plain, nevertheless, that at the time of the accident each of these machines was performing a function unrelated to movement of the vehicle itself.

Although the legislative history of § 31-293a is not especially revealing, there is some evidence that the intention was to distinguish "simple negligence on the job" from negligence in the operation of a motor vehicle.[3] Unlike the special hazards of the work place, the risk of a motor vehicle accident is a common danger to which the general public is exposed. Particular occupations may subject some employees to a greater degree of exposure to that risk. The nature of the risk remains unchanged, however, and in many employments it is no greater than for the general public. The legislature has chosen, therefore, not to extend the immunity given to fellow employees by § 31-293a to accidents having a less distinct relationship to the hazards of the

[3] 12 H. R. Proc., Pt. 9, 1967 Sess., pp. 3813, 4035, remarks of Representative Paul Pawlak: "Section 5. This section stops third party suits against fellow employees since such employee usually is unable to meet any judgment involving serious injuries. However, the section specifically permits suits against fellow employees where the injury or death was the result of wilful or malicious wrong by such fellow employee or involves the operation of a motor vehicle. We are here trying to make sure that a fellow employee cannot ordinarily be sued for simple negligence on the job, but we do not believe that he should be protected against wilful or malicious wrong, nor do we believe he should be protected if the employee is injured as a result of a motor vehicle accident."

employment. At the same time it has accorded the injured employee, in addition to workers' compensation, the same remedy he would have against a member of the general public who caused a motor vehicle accident. Our decision to construe the term "operation of a motor vehicle" in § 31-293a as not including activities unrelated to movement of the vehicle comports with this policy of the legislature.

There is error, the judgment is vacated and the case is remanded with direction to render a judgment for the defendant.

In this opinion the other judges concurred.