GREGORY FIELDS *v.* WILFREDO GIRON
(AC 20680)

Schaller, Spear and Daly, Js.

Argued May 10—officially released September 25, 2001

*Guy P. Soares*, with whom was *Salvatore C. DePiano*, for the appellant (plaintiff).

*Steven J. Barber*, with whom, on the brief, was *Constance L. Epstein*, for the appellee (defendant).

*Opinion*

DALY, J. The plaintiff appeals from the judgment rendered by the trial court after the granting of the defendant's motion to strike the plaintiff's complaint. On appeal, the plaintiff claims that the court improperly determined that his cause of action did not fall within the purview of the motor vehicle exception to the workers' compensation exclusivity rule. We affirm the judgment of the trial court.

The following facts are necessary to our resolution of this appeal. The plaintiff, Gregory Fields, and the defendant, Wilfredo Giron, are both employees of Alpine, The Care of Trees, Inc. On or about February 11, 1997, the defendant was operating a company truck

on property located at 21 Fox Run Lane in Greenwich. On that date, the defendant tied a rope to a fallen tree, fed the rope through a block and tackle, and then attached the rope to the back of the company truck. He then operated the company truck creating tension on the rope. The rope broke, and the block and tackle catapulted toward the plaintiff, striking him and causing him to suffer injuries.

In his amended complaint, the plaintiff alleged that the defendant negligently operated the truck. On June 3, 1999, the defendant filed a motion to strike the plaintiff's complaint, asserting that an employee cannot maintain a claim against a fellow employee and that workers' compensation was the plaintiff's exclusive remedy pursuant to General Statutes § 31-284 (a),[1] the exclusivity provision of the Workers' Compensation Act. The plaintiff objected to the motion to strike, claiming that, under General Statutes § 31-293a,[2] an employee may assert a tort claim against a fellow employee when the claim involves the fellow employee's negligent operation of a motor vehicle. The defendant's motion to strike was granted, and judgment was later rendered in favor of the defendant on March 28, 2000. The plaintiff subsequently filed this appeal.

[1] General Statutes § 31-284 (a) provides in relevant part: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter . . . ."

[2] General Statutes § 31-293a provides in relevant part: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1. . . . ."

On appeal, the plaintiff claims that the court improperly granted the defendant's motion to strike. Specifically, he claims that the court improperly analyzed *Dias* v. *Adams*, 189 Conn. 354, 456 A.2d 309 (1983), and *Ferreira* v. *Pisaturo*, 41 Conn. Sup. 326, 574 A.2d 1324 (1989), aff'd, 215 Conn. 55, 573 A.2d 1216 (1990), the two cases that the court relied on in its memorandum of decision in support of its granting of the defendant's motion to strike. We disagree.

The standard of review for granting a motion to strike is well settled. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on [a motion to strike] is plenary. . . . In an appeal from the granting of a motion to strike, we must read the allegations of the complaint generously to sustain its viability, if possible . . . . We must, therefore, take the facts to be those alleged in the complaint that has been stricken and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . *Eskin* v. *Castiglia*, 253 Conn. 516, 522–23, 753 A.2d 927 (2000)." (Internal quotation marks omitted.) *Melanson* v. *West Hartford*, 61 Conn. App. 683, 687, 767 A.2d 764, cert. denied, 256 Conn. 904, 772 A.2d 595 (2001).

In *Dias* v. *Adams*, supra, 189 Conn. 359, our Supreme Court examined the legislative history regarding § 31-293a and distinguished " 'simple negligence on the job' from negligence in the operation of a motor vehicle." "Although the legislative history of § 31-293a is not especially revealing, there is some evidence that the intention was to distinguish 'simple negligence on the job' from negligence in the operation of a motor vehicle.[3]

---

[3] 12 H.R. Proc., Pt. 9, 1967 Sess., p. 4035, remarks of Representative Paul Pawlak: "Section 5. This section stops third party suits against fellow employees since such employee usually is unable to meet any judgement involving serious injuries. However, the section specifically permits suits against fellow employees where the injury or death was the result of wilful or malicious

Unlike the special hazards of the work place, the risk of a motor vehicle accident is a common danger to which the general public is exposed. Particular occupations may subject some employees to a greater degree of exposure to that risk. The nature of the risk remains unchanged, however, and in many employments it is no greater than for the general public. The legislature has chosen, therefore, not to extend the immunity given to fellow employees by § 31-293a to accidents having a less distinct relationship to the hazards of the employment." Id., 359–60.

In *Ferreira* v. *Pisaturo,* supra, 41 Conn. Sup. 351–52, the court concluded that "[t]he plaintiff's decedent, on the day in question, where he was working, subjected himself to the 'special hazards of the workplace.' The risk of injury he faced was not that risk of a motor vehicle accident faced by the general public as a 'common danger.' Clearly, the accident here had a 'distinct relationship to the hazards of employment. . . . The general public is not exposed to the risk entailed by working in an open trench in close proximity to a piece of heavy construction equipment compacting earth in a portion of that trench. The plaintiff's decedent was not facing the hazards encountered by the general public as motorists or even pedestrians walking on or alongside a highway open to the public." (Citation omitted.)

Similarly, in this case, the plaintiff subjected himself to the "special hazards of the workplace," and the risk of injury he faced was not that risk of a motor vehicle accident faced by the general public as a "common danger." The general public is not exposed to the risk

wrong by such fellow employee or involves the operation of a motor vehicle. We are here trying to make sure that a fellow employee cannot ordinarily be sued for simple negligence on the job, but we do not believe that he should be protected against wilful or malicious wrong, nor do we believe he should be protected if the employee is injured as a result of a motor vehicle accident."

entailed in removing a fallen tree by using a rope that is fed through a block and tackle and then attached to a truck. This accident clearly had a "distinct relationship to the hazards of employment." This accident involved a special hazard of the workplace and does not fall within the purview of the motor vehicle exception to the Workers' Compensation Act. Because our Supreme Court has found that the legislature intended to distinguish between simple negligence on the job and negligence in the operation of a motor vehicle when applying § 31-293a, we conclude that the court properly granted the defendant's motion to strike.

The judgment is affirmed.

In this opinion the other judges concurred.