[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#177) AND MOTION TO STRIKE (#179)
Before the court are two motions to strike portions of the plaintiffs revised complaint, filed by separate defendants. For the following reasons, the court grants the defendants' motions.
 I BACKGROUND
Greta Drennan, the plaintiff, presents the following allegations in the counts of her revised complaint (#176) which are challenged by the motions before the court. In October 1993, the plaintiff had a total knee replacement at the University of Connecticut Health Center. In December 1996, the plaintiffs knee became septic and she sought treatment with the defendant, Dr. Robert Geist. Both Geist and defendant Thomas Gorsky, a certified physician's assistant, were affiliated with a third defendant, Middlesex Hospital.
After consultation, the plaintiff developed an infected knee which necessitated the surgical removal of the prosthetic knee by defendants Geist and Gorsky and insertion of a cement spacer. On April 22, 1997, Geist informed the plaintiff that the wrong polyethylene tibial insert was used and that the plaintiff would have to undergo further surgery to exchange the wrong insert for the correct one. On April 24, 1997, the plaintiff underwent surgery to exchange the insert. As a result, the plaintiff alleges that she suffered severe permanent and disabling injuries.
Geist and Gorsky (the medical defendants) brought a motion to strike the third and tenth counts of the revised complaint and the second and fourth paragraphs of the prayer for relief on August 16, 2001. The Middlesex Hospital (the hospital defendant) brought its motion to strike the seventh count and the second and fourth paragraphs of the prayer for relief on August 23, 2001. The plaintiff filed objections to both motions. The court heard oral argument concerning the motions on October 29, 2001.
 II
CT Page 1062 STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof" Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Szczapa v. UnitedParcel Service, Inc., 56 Conn. App. 325, 328, 743 A.2d 622, cert. denied, 252 Conn. 951, 748 A.2d 299 (2000). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." Fields v. Giron, 65 Conn. App. 771, 774, 783 A.2d 1097, cert. denied, 258 Conn. 936, 785 A.2d 230 (2001). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted.)Gazo v. City of Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "A motion to strike . . . does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 694, 748 A.2d 834
(2000).
"A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
 III DISCUSSION
The third and tenth counts allege intentional or reckless infliction of emotional distress caused by Geist and Gorsky, respectively. The seventh count alleges the same cause of action against the hospital defendant. Whether the cause of action in the third, seventh and tenth counts alleges reckless or intentional emotional distress is not abundantly CT Page 1063 clear. As will be demonstrated, however, whether the counts are construed as claims for reckless infliction of emotional distress or intentional infliction of emotional distress does not affect the conclusion of this memorandum of decision.
The second and fourth paragraphs of the prayer for relief request punitive damages and attorney's fees, respectively. These forms of relief are connected to the third, seventh and tenth counts.
 A Medical Defendants' Motion to Strike Counts 3 and 10
The medical defendants contend that the third and tenth counts, alleging infliction of emotional distress, are legally insufficient. As a threshold matter, the court must discuss whether the third and tenth counts allege reckless or intentional infliction of emotional distress.
As discussed above, the complaint alleges that the medical defendants have inflicted emotional distress, "willfully, wantonly and maliciously and with . . . intent." (Revised Complaint, Count 3; Count 10, ¶ 18.) Our Supreme Court has stated: "In order to establish that the defendants' conduct was wanton, reckless, wilful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . ." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 181,749 A.2d 1147 (2000). Because the words "willful," "wanton," and "malicious" all mean reckless, it seems that the plaintiff has alleged both reckless and intentional infliction of emotional distress against the medical defendants.
Of course, the tort of intentional infliction of emotional distress is well known. What is less common, however, is reckless infliction of emotional distress. The Appellate Court, however, has implicitly recognized such a cause of action. See, Craig v. Driscoll,64 Conn. App. 699, 718-23, 781 A.2d 440, cert. granted, 258 Conn. 931,785 A.2d 228 (2001).[1]
CT Page 1064
In Craig, the Appellate Court analyzed the reckless infliction of emotional distress claim by utilizing the familiar principles of reckless conduct. "One is guilty of reckless misconduct when knowing or having reason to know of facts which would lead a reasonable [person] to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him." (Internal quotation marks omitted.) Id., 721, quoting 2 Restatement (Second) of Torts, § 500. Because the medical defendants have asserted that the plaintiff has not sufficiently pleaded reckless misconduct, the court must examine whether the allegations are legally sufficient.
It is, of course, true that a plaintiff may set out alternative theories of liability based on the same underlying facts. "The plaintiff may claim alternative relief, based upon an alternative construction of the cause of action." Practice Book § 10-25. However, "[t]he allegations of one count of a complaint based on common law reckless conduct must be separate and distinct from the allegations of a second count sounding in negligence." Hanchar v. Silver Hill Hospital, judicial district of Stamford-Norwalk at Stamford, Docket No. 163502 (February 29, 2000, D'Andrea, J.). "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." (Internal quotation marks omitted.) Kostiuk v. Queally, 159 Conn. 91,94, 267 A.2d 452 (1970). "Simply using the word `reckless' or `recklessness' is not enough." (Internal quotation marks omitted.) Id.
"[W]here the allegations of a count of a contested pleading support a cause of action of recklessness, the count sounding in recklessness may well be sufficient to withstand a motion to strike even though the allegations of reckless conduct are also alleged as a basis of negligent conduct in a count sounding in negligence." Haley v. Connecticut Light Power, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059027 (November 9, 1999, Nadeau, J.). "[T]here is no reason why the plaintiff, relying on the same set of facts in negligence counts, cannot set forth in separate counts, causes of action arising out of those same facts alleging recklessness." Adams v. Champagne, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061154 (May 27, 1998, Corradino, J.) (22 Conn.L.Rptr. 241, 242). "It is frequently urged on this Court that the similarity of allegations renders one cause of action (usually, of course, the recklessness one) invalid. But similarity cannot be the sole focus. To so consider would often require a plaintiff to ratchet down the negligence claim in order to render more visible the conceptual space between the counts. Focus must CT Page 1065 instead primarily rest on the recklessness — sufficiency of that count." Haley v. Connecticut Light Power, supra. "Rather than follow a mechanistic approach . ., it seems more appropriate. . ., to examine instead whether the facts that are alleged could, under any set of facts admissible under the pleadings, support a conclusion of recklessness."Triano v. Fitzpatrick, M.D., Superior Court. judicial district of New Britain, Docket No. 494828 (February 17, 2000, Graham, J.).
Because the third and tenth counts may be read to also allege intentional infliction of emotional distress, and since the court must construe the complaint in the manner most favorable to the pleader, the court examines also whether the plaintiff has properly pleaded intentional infliction of emotional distress.[2]
"For the plaintiff to prevail on a claim of intentional infliction of emotional distress, four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Diamond v. Yale University,66 Conn. App. 764, 765-66, ___ A.2d ___ (2001).
"Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!' 1 Restatement (Second), Torts § 46, comment (d), p. 73 (1965)." (Internal quotation marks omitted.) Appleton v. Board ofEducation of Stonington, 254 Conn. 205, 210-11, 757 A.2d 1059 (2000).[3]
The gravamen of the third and tenth counts is as follows. After a total knee replacement, the plaintiff consulted with Geist. Thereafter, an infection occurred within the plaintiffs knee and Geist ordered additional surgery, which the medical defendants performed. After the surgery, Geist informed the plaintiff that he had installed the wrong instrument in plaintiffs knee. Thereafter, the plaintiff underwent additional surgery, which Geist performed, in order to place a new insert in the plaintiffs knee.
The allegations re-allege the facts of the first count, in which the plaintiffs claim is that the medical defendants' alleged conduct was negligent and careless; (Revised Complaint, Count 1, ¶ 18); the CT Page 1066 plaintiff claims, in the third and tenth counts, that the same actions also plead reckless and/or intentional conduct that was likely to cause substantial emotional harm. The court does not agree.
These counts do not specify which conduct is the alleged reckless and/or intentional conduct. In contrast, in count one, the plaintiff alleged negligent and careless conduct, in that the medical defendants "failed to properly monitor Plaintiff during surgery" and "failed to inspect and/or utilize proper instruments in said surgery." (Revised Complaint, Count 1, ¶ 18.) This paragraph is not incorporated in the challenged counts. Instead, paragraph 18 in these counts refers to "[t]he wrongful and outrageous conduct" without specifying which conduct is referenced. For example, is it the plaintiffs contention that it was somehow wrongful and outrageous to order the first surgery, for the re-insertion of the knee replacement, which is the subject of paragraph 13? Is it the plaintiffs contention that it was wrongful and outrageous to inform the plaintiff that the wrong instrument was used during that surgery, as alleged in paragraph 15? Does the plaintiff contend that the medical defendants recklessly or intentionally used the wrong insert during that surgery? Or, does the plaintiff contend that the subsequent surgery, on April 24, 1997, as alleged in paragraph 16, was performed unnecessarily? As it stands, paragraph 18 merely states conclusions, unrelated to particular facts, and may be disregarded. Accordingly, the third and tenth counts do not properly allege either reckless or intentional infliction of emotional distress.[4]
 B Hospital Defendant's Motion to Strike Count 7
The seventh count alleges reckless or intentional infliction of emotional distress against the hospital defendant. The hospital defendant has attacked the seventh count as failing to sufficiently allege reckless or intentional conduct or extreme and outrageous conduct.
The seventh count re-alleges the facts of the first count, making it identical to the third and tenth counts, except that the seventh count names the hospital defendant as the tortfeasor. Accordingly, the same defects discussed in Part III A infect the seventh count.
 C Prayer For Relief
The defendants also contend that the second and fourth paragraphs of the prayer for relief, requesting punitive damages and attorney's fees, CT Page 1067 respectively, should be stricken because the plaintiff has no grounds to request those forms of relief.
"[I]n order to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights." Berry v. Loiseau, 223 Conn. 786,811, 614 A.2d 414 (1992). In order to receive punitive damages, the plaintiff must allege conduct that evinces a reckless indifference to the plaintiff's rights. Given that the court has found that the plaintiff failed to properly allege reckless or intentional conduct in the third, seventh and tenth counts, the court finds that the plaintiff has also failed to allege the necessary predicate for an award of punitive damages.
As for attorney's fees, "[o]rdinarily, a successful litigant is not entitled to an award of attorney's fees. . . . This rule is known as the `American rule.'. . . Connecticut adheres to the American rule. . . . Connecticut recognizes, however, the exceptions to this rule. A successful litigant is entitled to an award of attorney's fees if they are provided by contract[,] by statute[,] or as an aspect of punitive damages." (Citations omitted; internal quotation marks omitted.) Jonesv. Ippoliti, 52 Conn. App. 199, 208-09, 727 A.2d 713 (1999). As discussed, the plaintiff has failed to allege conduct sufficient to warrant the award of common law punitive damages/attorney's fees. The plaintiff has not alleged either the existence of a contract or a statute which would authorize the award of attorney's fees.[5] Accordingly, as to the movants, the second and fourth paragraphs of the prayer for relief are legally insufficient.
 IV CONCLUSION
For the reasons herein stated, the defendants' motion to strike (#177) the third and tenth counts and the defendant's motion to strike (#179) the seventh count are hereby granted. The second and fourth paragraphs of the prayer for relief are also stricken, as to the movants, pursuant to both motions. It is so ordered.
BY THE COURT
 ___________________ ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT