## DANIEL KUHAR *v.* STEPHEN PHILLIPS ET AL.*

Superior Court, Judicial District of New Haven
File No. CV-03-0481998S

Memorandum filed April 26, 2005

*Friedler & Friedler*, for the plaintiff.

*Moukawsher & Walsh*, for the named defendant et al.

*Meuser, Eckenrode & Hayes*, for the defendant Rolando Trovini.

BLUE, J. General Statutes § 31-293a provides that when one employee is injured by the negligence of another, the negligent employee is immune from suit unless the action "is based on the fellow employee's negligence in the operation of a motor vehicle . . . ." In *Dias* v. *Adams*, 189 Conn. 354, 456 A.2d 309 (1983), our Supreme Court construed this statute by contrasting "the special hazards of the work place" with "the risk of a motor vehicle accident," which "is a common danger to which the general public is exposed." Id., 359. With this distinction in mind, the court must consider a motion for summary judgment involving an unusual motor vehicle accident that occurred on the premises of the C&G Gulf service station in Milford.

---

* An appeal to the Appellate Court by the plaintiff was filed on May 6, 2005; Appellate Court Docket No. AC 26544. On January 18, 2007, the appeal was withdrawn.

Both the plaintiff, Daniel Kuhar, and the named defendant, Stephen Phillips, were employees of another defendant, Gaetano Vitti, who did business as the service station. On December 23, 2002, Phillips was in a motor vehicle being repaired on the premises, examining the vehicle's lock cylinder. He turned the key, believing that the vehicle would not move. Phillips was wrong. The vehicle, which was in gear, lurched forward and injured Kuhar.

On September 8, 2003, Kuhar commenced this action by service of process against Phillips, Vitti and the owner of the vehicle in question. The first count of Kuhar's amended complaint (the only count in question here) claims that Kuhar's injuries were caused by the negligence of Phillips in operating the vehicle and its ignition.

On February 9, 2005, Phillips filed the motion for summary judgment now before the court. The motion claims that the action is barred by the immunity provision of § 31-293a. The motion was argued on April 25, 2005.

Although the text of § 31-293a is arguably broad enough to exclude any claim of a "fellow employee's negligence in the operation of a motor vehicle" from the immunity provision of that statute, the exception in question has been more narrowly construed by the Supreme Court. As mentioned, the court, in *Dias* v. *Adams*, supra, 189 Conn. 359, referred to the "special hazards of the work place . . . ." *Dias* explains: "[T]he intention was to distinguish 'simple negligence on the job' from negligence in the operation of a motor vehicle. Unlike the special hazards of the work place, the risk of a motor vehicle accident is a common danger to which the general public is exposed. Particular occupations may subject some employees to a greater degree of exposure to that risk. The nature of the risk remains unchanged, however, and in many employments, it is

no greater than for the general public. The legislature has chosen, therefore, not to extend the immunity given to fellow employees by § 31-293a to accidents having a less distinct relationship to the hazards of the employment." Id., 359–60.

*Dias* involved a construction worker who was installing sewer pipes in a trench. The worker was struck by a backhoe and fatally injured. The court held that this accident was attributable to "the special hazards of the work place . . . ." Id., 359. Similarly, in *Fields* v. *Giron*, 65 Conn. App. 771, 783 A.2d 1097, cert. denied, 258 Conn. 936, 785 A.2d 230 (2001), an employee of a tree care company was injured by a block and tackle attached to a truck pulling a fallen tree. The Appellate Court held that "[t]his accident clearly had a 'distinct relationship to the hazards of employment.' " Id., 776. Because the accidents at issue in *Dias* and *Fields* involved "the special hazards of the work place," the statutory immunity of the assertedly negligent employees remained intact, notwithstanding their arguable negligence in the operation of motor vehicles. The determining factor was the "distinct relationship to the hazards of the employment." *Dias* v. *Adams*, supra, 189 Conn. 359–60.

Kuhar states in his affidavit that "friends and customers" often socialized in the garage and work bay areas of the service station. The possibility of the public intruding on the workplace is not, however, determinative. A hiker doubtless could have walked into the outdoor work areas at issue in *Dias* and *Fields*. The crucial distinction was indicated by Judge Corradino in a decision subsequently affirmed by the Supreme Court. The person injured "was not facing the hazards encountered by the general public as motorists or even pedestrians walking on or alongside a highway open to the public." *Ferreira* v. *Pisaturo*, 41 Conn. Sup. 326, 351–52, 574 A.2d 1324 (1989), aff'd, 215 Conn. 55, 573 A.2d 1216 (1990).

The accident that happened to Kuhar was simply not the result of what the legislature (as construed by the courts) considered to be "the operation of a motor vehicle." An ordinary motor vehicle accident occurring, for example, on a city street or supermarket parking lot has "a less distinct relationship to the hazards of the employment" than the kind of accident that happened here. The accident here happened in a workplace and occurred because of the special hazards of that particular workplace. Kuhar and Phillips were not members of a visiting social circle. They were employees paid to repair motor vehicles in a garage. If a hypothetical member of the general public had intruded into the work area while socializing and been injured by the incident that injured Kuhar, the accident would nevertheless have occurred because of "the special hazards of the work place . . . ." *Dias* v. *Adams*, supra, 189 Conn. 359.

Under these circumstances, there is no genuine issue of any material fact. Practice Book § 17-49. The accident that occurred here was a "special hazard of the work place," and Phillips is statutorily immune from suit.

The named defendant's motion for summary judgment is, therefore, granted.