# BRIAN COLANGELO *v.* DAVID HECKELMAN
## (SC 17276)

Sullivan, C. J., and Borden, Katz, Palmer and Zarella, Js.*

Argued September 8, 2005—officially released July 18, 2006

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

*William F. Gallagher*, with whom, on the brief, were *Hugh D. Hughes, Garrett M. Moore* and *Christopher J. Flood*, for the appellant (plaintiff).

*Louis A. Annecchino*, for the appellee (defendant).

*Opinion*

PALMER, J. This appeal requires us to decide whether the exception to the exclusivity provision of General Statutes § 31-293a[1] of the Workers' Compensation Act (act) for injuries sustained by one employee due to the negligent operation of a motor vehicle by a fellow

[1] General Statutes § 31-293a provides: "If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1. For purposes of this section, contractors' mobile equipment such as bulldozers, powershovels, rollers, graders or scrapers, farm machinery, cranes, diggers, forklifts, pumps, generators, air compressors, drills or other similar equipment designed for use principally off public roads are not 'motor vehicles' if the claimed injury involving such equipment occurred at the worksite on or after October 1, 1983. No insurance policy or contract shall be accepted as proof of financial responsibility of the owner and as evidence of the insuring of such person for injury to or death of persons and damage to property by the Commissioner of Motor Vehicles required by chapter 246 if it excludes from coverage under such policy or contract any agent, representative or employee of such owner from such policy or contract. Any provision of such an insurance policy or contract effected after July 1, 1969, which excludes from coverage thereunder any agent, representative or employee of the owner of a motor vehicle involved in an accident with a fellow employee shall be null and void."

employee is applicable when the motor vehicle accident that resulted in those injuries bears a distinct relationship to the special hazards of the workplace. The plaintiff, Brian Colangelo, an automotive technician, commenced this action against the defendant, David Heckelman, a fellow employee, seeking damages for injuries that he sustained when a vehicle that he was inspecting lurched forward and struck him, allegedly as a result of the defendant's negligent operation of that vehicle. The trial court granted the defendant's motion for summary judgment, concluding that, because the motor vehicle accident that caused the plaintiff's injuries was a special hazard of the plaintiff's employment, those injuries fell outside the motor vehicle exception of § 31-293a, and, therefore, the plaintiff's exclusive remedy is his right to compensation under the act. On appeal,[2] the plaintiff claims that the trial court improperly granted the defendant's motion for summary judgment because there is no special hazard exception to the liability created under § 31-293a for injuries sustained by an employee as a result of another employee's negligent operation of a motor vehicle. We agree with the plaintiff and, therefore, reverse the judgment of the trial court.

The record reveals the following relevant facts and procedural history. On February 21, 2001, the plaintiff and the defendant were employed as automotive technicians by Torrington Honda, a car dealership in Torrington. On that day, the plaintiff and the defendant were assigned to conduct a "30 point" inspection[3] of a 2001 Honda Accord. The defendant, who was responsible for inspecting the interior of the vehicle, drove it into

---

[2] The plaintiff appealed to the Appellate Court from the judgment of the trial court and subsequently filed a motion, pursuant to Practice Book § 65-2, to transfer the matter to us from the Appellate Court, which we granted.

[3] The "30 point" inspection consists of a detailed interior and exterior inspection of the vehicle by two automotive technicians.

a service bay, while the plaintiff, who was responsible for inspecting the exterior, waited inside the bay. The vehicle came to rest on a skid plate designed to prevent the vehicle from moving forward. The engine remained running with the transmission in neutral, and the emergency brake was not engaged. Shortly after the inspection commenced, and just as the plaintiff was raising the hood of the vehicle to check the engine fluids, the vehicle lurched forward,[4] pinning the plaintiff, who had been standing in front of the vehicle, between the vehicle and a workbench located against the back wall of the garage. As a result of the accident, the plaintiff sustained injuries to both knees, requiring multiple surgeries. The plaintiff subsequently received compensation under the act for lost wages and medical expenses.

The plaintiff filed the present action seeking damages from the defendant for the injuries that he sustained as a result of the defendant's allegedly negligent operation of the 2001 Honda Accord.[5] The defendant denied the plaintiff's claims and raised two special defenses: first, that the plaintiff's injuries were caused by his own negligence; and, second, that the plaintiff's action is barred by the exclusivity provision of § 31-293a. There-

---

[4] The vehicle apparently lurched forward when the defendant, who had his foot on the brake pedal as he was turning around to inspect the vehicle's seatbelts, accidentally hit the gear shift located between the two front seats, thereby causing the transmission to shift from neutral into drive. The defendant's foot then either slipped off the brake and onto the accelerator pedal or pressed both the brake and accelerator pedal at the same time, which caused the vehicle to move forward and to strike the plaintiff. The defendant did not know that the vehicle had struck the plaintiff until he heard yelling and turned around to face the front of the vehicle. When the defendant realized what had happened, he immediately shifted the vehicle into reverse and backed it away from the plaintiff.

[5] Subsequent to the commencement of this action, Torrington Honda filed a motion to intervene, which the trial court, *Gallagher, J.,* granted. In its intervening complaint, Torrington Honda seeks reimbursement for the amounts paid to the plaintiff, and any amounts that it may become obligated to pay to the plaintiff under the act. Torrington Honda is not a party to this appeal.

after, the defendant filed a motion for summary judgment, claiming that the motor vehicle exception of § 31-293a does not apply when, as in the present case, the motor vehicle accident is a special hazard of the injured employee's employment. The defendant also claimed that the plaintiff's injury did not fall within the exception because it did not result from the defendant's "operation" of the vehicle.

The trial court granted the defendant's motion for summary judgment, concluding that the action did not fall within the motor vehicle exception of § 31-293a because the plaintiff's injuries arose out of the special hazard of "working in an automotive repair bay performing 30 point test inspections on vehicles" and because the plaintiff therefore "was not facing the hazards encountered by the general public as motorists . . . ."[6] (Internal quotation marks omitted.) In reaching its conclusion, the trial court relied primarily on *Fields* v. *Giron*, 65 Conn. App. 771, 783 A.2d 1097, cert. denied, 258 Conn. 936, 785 A.2d 230 (2001), a case in which the Appellate Court, relying in part on dictum from this court's decision in *Dias* v. *Adams*, 189 Conn. 354, 456 A.2d 309 (1983), held that the exception to the exclusivity provision of § 31-293a for injuries sustained by one employee due to an accident resulting from a fellow employee's negligent operation of a motor vehicle does not apply when, as in *Fields*, the accident arises out of the "special hazards of the workplace . . . ." (Internal quotation marks omitted.) *Fields* v. *Giron*, supra, 775. The plaintiff contends that the court in *Fields* wrongly concluded that motor vehicle accidents involving a special hazard of the workplace fall outside the purview of

---

[6] The trial court did not address the defendant's alternate claim in support of his motion for summary judgment that, at the time of the accident, he was not operating the vehicle within the meaning of § 31-293a. The defendant has not raised that claim on appeal as an alternate ground for affirmance of the judgment of the trial court.

the motor vehicle exception of § 31-293a and, therefore, that he is entitled to recover against the defendant upon proof that his injuries were caused by the defendant's negligent operation of the 2001 Honda Accord. We agree with the plaintiff that, contrary to the Appellate Court's holding in *Fields*, the liability created under § 31-293a for injuries resulting from an accident caused by a fellow employee's negligent operation of a motor vehicle admits of no general exception for accidents that bear a distinct relationship to the special hazards of the workplace. Because the trial court's judgment was predicated on that exception, we reverse the judgment of the trial court.

Before commencing our analysis of the plaintiff's claim, we set forth the well established principles that govern our review of the claim. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Monk* v. *Temple George Associates, LLC*, 273 Conn. 108, 113–14, 869 A.2d 179 (2005). Furthermore, because our resolution of the plaintiff's claim requires us to construe § 31-293a as it applies to a particular factual scenario, our review of that issue of law is plenary. See, e.g., *Dark-Eyes* v. *Commissioner of Revenue Services*, 276 Conn. 559, 570,

887 A.2d 848 (2006) (statutory interpretation gives rise to issue of law over which this court's review is plenary).

We begin our review with the text of the pertinent statutory provision, § 31-293a,[7] which originally was enacted in 1967 as part of a bill making comprehensive changes to our workers' compensation statutes. General Statutes § 31-293a provides in relevant part that, "[i]f an employee . . . has a right to benefits or compensation under [the act] on account of injury . . . caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee . . . and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the operation of a motor vehicle as defined in [General Statutes §] 14-1.[8] . . ." Thus, under § 31-293a, if an employee suffers injuries, which other-

---

[7] We note that, under General Statutes § 1-2z, "[t]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of the text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." Neither party contends that § 31-293a is plain and unambiguous, and, therefore, § 1-2z does not limit our interpretation of § 31-293a.

[8] General Statutes § 14-1 (51) defines "motor vehicle" as "any vehicle propelled or drawn by any nonmuscular power, except aircraft, motor boats, road rollers, baggage trucks used about railroad stations or other mass transit facilities, electric battery-operated wheel chairs when operated by physically handicapped persons at speeds not exceeding fifteen miles per hour, golf carts operated on highways solely for the purpose of crossing from one part of the golf course to another, golf cart type vehicles operated on roads or highways on the grounds of state institutions by state employees, agricultural tractors, farm implements, such vehicles as run only on rails or tracks, self-propelled snow plows, snow blowers and lawn mowers, when used for the purposes for which they were designed and operated at speeds not exceeding four miles per hour, whether or not the operator rides on or walks behind such equipment, bicycles with helper motors as defined in section 14-286, special mobile equipment as defined in subsection (i) of section 14-165 and any other vehicle not suitable for operation on a highway . . . ."

wise would be compensable under the act, due to the negligence of a fellow employee, the injured employee is barred from recovery against that fellow employee unless the injuries were caused by the fellow employee's negligent operation of a motor vehicle.

The limited legislative history of § 31-293a reveals that the legislature enacted the provision to shield negligent employees from the cost of judgments that may be borne more readily by the employer under the act. See 12 H.R. Proc., Pt. 9, 1967 Sess., p. 4035, remarks of Representative Paul Pawlak, Sr.[9] That legislative history, however, does not indicate what motivated the legislature to carve out the motor vehicle exception from the general rule of fellow employee immunity created by § 31-293a.[10] See 6 A. Larson & L. Larson, Workers' Compensation Law (2005) § 111.03 [1], p. 111-12 (noting that, in contrast to other states, "Connecticut has created a special exception to the [fellow employee] immunity rule").

---

[9] Representative Pawlak stated: "This section stops third party suits against fellow employees since such employee usually is unable to meet any [judgment] involving serious injuries. However, the section specifically permits suits against fellow employees where the injury or death was the result of wilful or malicious wrong by such fellow employee or involves the operation of a motor vehicle. We are . . . trying to make sure that a fellow employee cannot ordinarily be sued for simple negligence on the job, but we do not believe that he should be protected against wilful or malicious wrong, nor do we believe he should be protected if the employee is injured as a result of a motor vehicle accident." 12 H.R. Proc., supra, p. 4035.

[10] We note that, at around the same time that § 31-293a was enacted in 1967, the legislature also made extensive changes to the statutes governing the automobile insurance industry; see, e.g., Public Acts 1967, No. 510, §§ 1, 3 and 4 (mandating minimum coverage in private passenger automobile liability policies and uninsured motorist coverage). In light of the temporal proximity of the enactment of § 31-293a and the statutory changes providing for certain minimum levels of automobile insurance coverage, it is plausible that the legislature adopted the motor vehicle exception to the fellow employee immunity rule so that an employee who is injured as a result of a fellow employee's negligent operation of a motor vehicle could take advantage of any available automobile liability insurance coverage even though he also would have been eligible for compensation under the act.

In *Dias* v. *Adams*, supra, 189 Conn. 354, however, this court had occasion to discuss the general purpose of that exception. In *Dias*, the plaintiff, Virginia Dias, brought a wrongful death action on behalf of the estate of her husband, who was killed when he was struck by a shovel attached to a backhoe operated by the defendant, Joseph Adams, a coworker. Id., 354–55. By way of special defense, Adams alleged that the action was barred by the exclusivity provision of § 31-293a. Id., 355. In her reply to Adams' special defense, Dias acknowledged that the accident was covered under the act but claimed that the action could be maintained under the exception in § 31-293a for actions against a fellow employee "for negligence in the operation of a motor vehicle . . . ." (Internal quotation marks omitted.) Id. The jury returned a verdict for Dias, awarding damages for the death of her husband, and the court rendered judgment in accordance with the verdict. See id. Adams filed a motion to set aside the verdict, claiming, inter alia, that he was not operating the backhoe as a motor vehicle when the accident occurred. Id., 355–56. The trial court denied Adams' motion, and, on appeal, Adams renewed his claim that his use of the backhoe did not constitute the operation of a motor vehicle for purposes of § 31-293a. Id.

In reversing the judgment of the trial court, we observed that, "when the mishap took place, [Adams] was doing nothing related to driving or moving the vehicle itself"; id., 358; because, as the undisputed trial testimony revealed, the shovel of the backhoe could not be operated while the backhoe was in motion. See id. We concluded, therefore, that, because Adams was engaged only in the operation of the shovel and not the backhoe itself, Adams' "negligence, which the jury found to have caused the accident, did not occur . . . in the operation of a motor vehicle, as § 31-293a requires

for the exception allowing such a suit against a fellow employee."[11] Id.

In connection with our discussion of the issue raised by Dias' appeal, we reviewed the legislative history of § 31-293a and observed, in dictum, that "[a]lthough the [pertinent] legislative history . . . is not especially revealing, there is some evidence that the intention was to distinguish 'simple negligence on the job' from negligence in the operation of a motor vehicle. Unlike the special hazards of the work place, the risk of a motor vehicle accident is a common danger to which the general public is exposed. Particular occupations may subject some employees to a greater degree of exposure to that risk. The nature of the risk remains unchanged, however, and in many employments it is no greater than for the general public. The legislature has chosen, therefore, not to extend the immunity given to fellow employees by § 31-293a to accidents having a less distinct relationship to the hazards of the employment. At the same time it has accorded the injured employee, in addition to workers' compensation, the same remedy he would have against a member of the general public who caused a motor vehicle accident." Id., 359–60. We then noted that "[o]ur decision to construe the term 'operation of a motor vehicle' in § 31-293a as not including activities unrelated to the movement of [a] vehicle comport[ed] with [the aforementioned] policy of the legislature." Id., 360.

Shortly after the issuance of our opinion in *Dias* in 1983, the legislature amended § 31-293a by modifying the definition of the term "motor vehicle" for purposes of that statute. See Public Acts 1983, No. 83-297 (P.A. 83-297). In particular, P.A. 83-297 provided in relevant part that "contractor's mobile equipment such as bull-

---

[11] We therefore did not address Adams' second claim on appeal, namely, that the backhoe was not a motor vehicle as defined by § 14-1 (51).

dozers, powershovels, rollers, graders or scrapers, farm machinery, cranes, diggers, forklifts, pumps, generators, air compressors, drills or other similar equipment designed for use principally off public roads are not 'motor vehicles' if the claimed injury involving such equipment occurred at the worksite. . . .'' Thus, "[i]njuries caused while operating motor vehicles other than those specified [by P.A. 83-297] still qualify for the exception even if the injury occurs on a job site rather than on the road." J. Asselin, Connecticut Workers' Compensation Practice Manual (1985) p. 77; see also id. (noting that motor vehicles qualifying as contractor's mobile equipment "may yet qualify for the exception if . . . operated on a highway"). The purpose of the amendment was to eliminate confusion among the courts regarding the proper definition of the term "motor vehicle." See 26 S. Proc., Pt. 6, 1983 Sess., pp. 2060–61, remarks of Senator Joseph H. Harper, Jr.;[12]

---

[12] Senator Harper stated: "[The amendment to § 31-293a] would clarify the doctrine of fellow employee immunity under the [workers'] compensation laws by including injuries caused by the operation of contractors' equipment at a job site within the [workers'] compensation system. Section [31-293a] prohibits an employee from suing a fellow employee for injuries caused by simple negligence on the job. The injured employee's exclusive remedy in this instance is under the [workers'] compensation system. The statute allows suits against a fellow employee where the injury is the result of [wilful] and malicious conduct or the result of the operation of a motor vehicle. The legislative intent of the latter exclusion was that the risk of a motor vehicle accident is a common danger and the employee at fault should not be protected from suit.

"Under this section, however, much confusion exists over the definition of motor vehicle. Numerous court cases in this state have had to look at this issue and have resulted in a divergence of opinion as to whether a crane is a motor vehicle or a backhoe is a motor vehicle . . . . This [amendment] would clarify the definition of a motor vehicle by excluding contractor's equipment designed primarily for [use] off public roads where the injury occurs at the worksite. Injuries caused by such equipment would be subject to full compensation under [workers'] compensation [law]." 26 S. Proc., supra, pp. 2060–61; see also Conn. Joint Standing Committee Hearings, Labor and Public Employees, Pt. 1, 1983 Sess., p. 289, remarks of Maural Melley, vice president of the Insurance Association of Connecticut ("Under current law, there is much confusion over the definition of a motor vehicle

see also J. Asselin, supra, p. 76 (noting that § 31-293a was amended in 1983 to "avoid what the legislature decided were unintended interpretations under the fellow employee motor vehicle exception").

It is against this backdrop that the Appellate Court rendered its decision in *Fields* v. *Giron*, supra, 65 Conn. App. 771. In *Fields*, the plaintiff, Gregory Fields, and the defendant, Wilfredo Giron, both employees of a tree maintenance and removal company, were assigned to a tree removal job in Greenwich. See id., 772–73. Giron, who was operating a company truck, "tied a rope to a fallen tree, fed the rope through a block and tackle, and then attached the rope to the back of the . . . truck. He then operated the . . . truck creating tension on the rope. The rope broke, and the block and tackle catapulted toward [Fields] striking him and causing him to suffer injuries." Id., 773. Fields commenced an action against Giron seeking damages for the injuries that he had sustained as a result of Giron's allegedly negligent operation of the company truck. Id. Giron filed a motion to strike on the ground that Fields had failed to state a cognizable claim under § 31-293a. See id. The trial court granted the motion and, thereafter, rendered judgment for Giron. Id. In concluding that Fields had failed to bring himself within the motor vehicle exception to the exclusivity provision of § 31-293a, the trial court, relying principally on this court's dictum in *Dias* v. *Adams*, supra, 189 Conn. 359–60, explained that the accident, as a special hazard of Fields' employment, fell outside the scope of the motor vehicle exception of § 31-293a. See *Fields* v. *Giron*, supra, 774.

as it pertains to workers' comp[ensation]. . . . We believe that the law needs to have clarification. We also believe that the long standing policy in this [state] is to recogni[ze] [that an injury] caused solely by heavy contractor's equipment is a workers' comp[ensation] issue. The motor vehicle definition should be restricted to licensed vehicles which drive on the roads and highways and should not include off-the-road heavy equipment.").

On appeal, the Appellate Court affirmed the judgment of the trial court. Quoting extensively from *Dias*, the Appellate Court explained that the accident was not within the purview of the motor vehicle exception of § 31-293a because Fields had "subjected himself to the 'special hazards of the workplace,' and the risk of injury he faced was not that risk of a motor vehicle accident faced by the general public as a 'common danger.' The general public is not exposed to the risk entailed in removing a fallen tree by using a rope that is fed through a block and tackle and then attached to a truck. This accident clearly had a 'distinct relationship to the hazards of employment.' Th[e] accident involved a special hazard of the workplace and does not fall within the purview of the motor vehicle exception to [§ 31-293a]. Because [the Connecticut] Supreme Court has found that the legislature intended to distinguish between simple negligence on the job and negligence in the operation of a motor vehicle when applying § 31-293a . . . the [trial] court properly granted [Giron's] motion to strike."[13] Id., 775–76.

---

[13] The court in *Fields* also relied on a second case, namely, *Ferreira* v. *Pisaturo*, 41 Conn. Sup. 326, 574 A.2d 1324 (1989), aff'd, 215 Conn. 55, 573 A.2d 1216 (1990). In *Ferreira*, the decedent employee was struck and killed by a bucket loader operated by a fellow employee, Louis Pisaturo, and the plaintiff, the executrix of the decedent's estate, filed an action against Pisaturo on behalf of the estate. In a comprehensive memorandum of decision, the trial court concluded that the bucket loader was not a "motor vehicle" for purposes of § 31-293a and granted Pisaturo's motion for summary judgment. Although not necessary to its holding, the trial court observed that its conclusion found support in the fact that the decedent had "subjected himself to the 'special hazards of the workplace.' The risk of injury he faced was not that risk of a motor vehicle accident faced by the general public as a 'common danger.' Clearly, the accident . . . had a 'distinct relationship to the hazards of the employment.' " Id., 351, quoting *Dias* v. *Adams*, supra, 189 Conn. 359–60. This court affirmed the judgment of the trial court in a per curiam opinion. *Ferreira* v. *Pisaturo*, supra, 215 Conn. 58. Although we "adopt[ed] the trial court's decision as a statement of the facts and the applicable law"; id., 58; and we expressly agreed with the trial court's conclusion that the bucket loader was not a "motor vehicle" within the meaning of § 31-293a; id., 56 n.1; we made no reference to the trial court's dictum

As we have explained, the trial court in the present case applied the analysis adopted by the Appellate Court in *Fields* v. *Giron*, supra, 65 Conn. App. 774–76, in determining whether an employee who sustains injuries due to another employee's negligent operation of a motor vehicle nevertheless may be barred from recovery against the negligent employee when there is a distinct relationship between the accident and the special hazards of the employee's workplace. The plaintiff maintains, however, that the analytic framework that the Appellate Court employed in *Fields* was flawed and, further, that the trial court's use of that model in the present case led that court to the wrong result. In particular, the plaintiff asserts that there is no general exception to the liability created under § 31-293a for motor vehicle accidents arising out of the hazards of the workplace. For the following reasons, we agree with the plaintiff.

First, § 31-293a contains no language suggesting that its exception to the general rule of fellow employee immunity excludes any motor vehicle accident that, because of the nature of the employment, is a special risk of that employment not common to members of the public generally. The fact that § 31-293a makes no mention of such an exclusion militates in favor of the statutory interpretation urged by the plaintiff because we generally will not read provisions into a statute containing clearly expressed language. See, e.g., *Sikand* v. *Wilson-Coker*, 276 Conn. 618, 628, 888 A.2d 74 (2006). Rather, we interpret legislative intent by reference "to what the legislative text contains, not by what [that text] might have contained." (Internal quotation marks omitted.) *Winchester* v. *Northwest Associates*, 255 Conn. 379, 388, 767 A.2d 687 (2001). The language of § 31-293a indicates, therefore, that the legislature did

regarding the "special hazards of the workplace" language, which this court previously had employed in *Dias*.

not intend to limit liability under the motor vehicle exception of § 31-293a in the manner that the defendant suggests.

The substance of the 1983 amendment to § 31-293a, which took effect after the issuance of our opinion in *Dias*, also provides strong support for the conclusion that the legislature did not intend to bar recovery from fellow employees for motor vehicle accidents that may be characterized as a special hazard of employment. By excluding from the definition of the term "motor vehicle" all "contractors' mobile equipment . . . if the . . . injury involving such equipment occurred at the worksite," the legislature identified a specific category of accidents that do not give rise to liability under the motor vehicle exception of § 31-293a. Having placed a specific limitation on the universe of accidents that fall within that exception, we may presume, in the absence of evidence to the contrary, that the legislature did not intend to limit the exception further by excluding other classes or categories of accidents from its purview.[14] See, e.g., *Gay & Lesbian Law Students Assn.* v. *Board of Trustees*, 236 Conn. 453, 476, 673 A.2d 484 (1996) (citing rule of statutory construction, expressio unius est exclusio alterius, or "the expression of one thing is the exclusion of another" [internal quotation marks omitted]). In other words, the 1983 amendment to § 31-293a represents the extent to which the legislature intended to restrict the motor vehicle exception to acci-

[14] The defendant contends that the "singular purpose" of the 1983 amendment to § 31-293a was to "clarify" the definition of the term "motor vehicle" for purposes of that statutory section, and that that clarification reasonably cannot be characterized as reflecting the extent to which the legislature sought to limit recovery under the motor vehicle exception of § 31-293a. Contrary to the assertion of the defendant, the 1983 amendment does, in fact, operate as a limitation on the number and kind of accidents that fall within the exception to the general rule of fellow employee immunity.

dents that do not bear a distinct relationship to the injured employee's employment.[15]

Thus, by excluding only a discrete and readily identifiable class or category of accidents from those excepted from the fellow employee immunity rule, the legislature has expressed its preference for a bright line test to determine whether an employee may recover from a fellow employee for injuries sustained as a result of the latter's negligence in the operation of a motor vehicle. Under that test, an injured employee may recover against a fellow employee as long as that fellow employee is operating a "motor vehicle," as that term is defined in § 14-1 (51) and limited under § 31-293a. The definition adopted by the legislature is clear and straightforward, and, consequently, under that definition, there generally will be little difficulty in ascertain-

---

[15] We acknowledge that our dictum in *Dias* discussing the apparent purpose of the motor vehicle exception of § 31-293a; see *Dias* v. *Adams*, supra, 189 Conn. 359–60; is susceptible of the interpretation ascribed to it by the Appellate Court in *Fields* v. *Giron*, supra, 65 Conn. App. 775–76, namely, that the legislature intended to limit that exception by barring recovery from fellow employees for accidents having a "distinct relationship to the hazards of the employment." *Dias* v. *Adams*, supra, 359–60. We nevertheless are persuaded that our dictum in *Dias* was intended merely to make the point that motor vehicle accidents *generally* are of a kind that pose "a common danger to which the general public is exposed"; id., 359; and that, although "[p]articular occupations may subject some employees to a greater degree of exposure to that risk"; id.; because "[t]he nature of the risk remains unchanged . . . and in many employments . . . is no greater than for the general public"; id.; the legislature "has accorded the injured employee, in addition to workers' compensation, the same remedy he would have against a member of the general public who caused a motor vehicle accident." Id., 360. Indeed, in view of our express acknowledgment in *Dias* that the legislative history of § 31-293a "is not especially revealing"; id., 359; it is doubtful that our dictum regarding the legislative intent behind the motor vehicle exception of § 31-293a—dictum that was predicated solely on that legislative history—was intended to limit the scope of that exception in a way that finds no support in the statutory language. In any event, as we have indicated, to the extent that the legislature has sought to place a limit on the motor vehicle exception of § 31-293a, it had done so expressly via the 1983 amendment.

ing whether, under § 31-293a, a job related accident caused by a fellow employee's negligent operation of a motor vehicle gives rise to a claim against the fellow employee. By contrast, under the trial court's analytic approach, it is necessary first to consider all of the facts surrounding the accident, then to review the nature of the employment and the hazards associated with it, and, finally, to evaluate the relationship between the accident and those hazards. This "special hazards" test is difficult to apply because it lacks precision insofar as two different fact finders reasonably might come to different conclusions as to whether an injured employee may recover from a fellow employee due to the latter's negligent operation of a motor vehicle. Thus, the test also lacks predictability.

In light of the foregoing considerations, we are persuaded that the legislature did not intend to erect a bar under § 31-293a to recovery for accidents that bear a distinct relationship to the hazards of the workplace. We conclude, rather, that the limitation on recovery under that exception is governed by the express language of § 31-293a.

In the present case, it is undisputed that the accident involved a "motor vehicle," namely, the 2001 Honda Accord, within the meaning of § 31-293a. Consequently, if the defendant was operating that vehicle negligently at the time of the accident, the plaintiff has a right of recovery against him. The trial court, therefore, improperly granted the defendant's motion for summary judgment on the ground that the accident constituted a special hazard of the workplace. As we have noted, however; see footnote 6 of this opinion; the trial court did not address the defendant's alternate claim in support of his motion for summary judgment that, when the proffered evidence is viewed in the light most favorable to the plaintiff, the accident cannot, as a matter of law, be deemed to have been caused by the defendant's

"operation" of the 2001 Honda Accord, which is a necessary condition to recovery from a fellow employee under the motor vehicle exception of § 31-293a. Accordingly, on remand, the trial court must address that additional claim.[16]

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.

---

[16] Although the defendant's alternate claim raises a question of law that this court could decide notwithstanding the fact that the trial court did not address it, neither party has briefed the issue in this court. We, therefore, do not consider it.