[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
First Count, Par. 3, alleges that "all parties to this action were employed by Gehring Office Equipment, Inc.", a Connecticut corporation. This is sufficient for the court to treat the Plaintiff and Defendant, John R. Gehring as fellow-employees for the purpose of this Motion To Strike, even though Par. 8 of First Count is somewhat inconsistent.
The wrong alleged is based on John R. Gehring's negligence in the operation of a motor vehicle, because the acts alleged were related to the movement of the vehicle. The plaintiff's allegation in Par. 12 of the First Count that the Defendant Gehring directed her to take a loose chair from the office, place it in the rear of the van, and seat herself in that loose chair on the trip to Bradley Airport, alleges an activity that is related to movement of the vehicle.
 "Our decision to construe the term "operation of a motor vehicle" in 31-293a as not including activities unrelated to movement of the vehicle CT Page 4792 comports with this policy of the legislature." Dias v. Adams, 189 Conn. 354, 360 (1983)
Since John R. Gehring's alleged negligence involved the operation of a motor vehicle, this is an authorized action against a fellow employee under Section 31-293a of the Conn. Gen. Stat.
The Motion to Strike is denied.
Richard A. Walsh, J.