Memorandum of Decision on Plaintiffs Motion for Summary Judgment
MANFREDI, J.
This case arises out of an accident which occurred on December 13, 2009. Plaintiff was injured when attempting to board an *288 employee shuttle bus at the Mohegan Sun Casino to the Eagleview Garage. As he was boarding the shuttle bus the bus doors closed upon his leg causing injuries to the plaintiff. Plaintiff was an employee of the Mohegan Tribal Gaming Authority at the time of the incident and has made a Workers Compensation claim for which he has received Workers Compensation benefits.
The defendant has moved for summary judgment in this matter relying upon MTC See. 4—171 et. seq. claiming that the plaintiffs exclusive remedy is a Workers Compensation claim and that the plaintiff is barred from pursuing this action because the accident did not arise out of the defendant’s negligence in the operation of a motor vehicle.

Legal Standard

“Pursuant to Connecticut Practice Book § 17-49, Summary Judgment can be granted if the pleadings, affidavits and other documentary proof, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book § 17-49; Bartha v. Waterbury House Wrecking Co., Inc., 190 Conn. 8, 11, 459 A.2d 115 (1983), Marcean v. Norwich, 46 Conn. Supp. 197, 200, 746 A.2d 836 (1999). In passing on a Motion for Summary Judgment, the trial court is to determine whether an issue of fact exists, but may not try that issue if it does exist. Dorazio v. M.B. Foster Electric Co., 157 Conn. 226, 228, 253 A.2d 22 (1968).
The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. Suarez v. Dickmont Plastics Corporation, 229 Conn. 99, 105, 639 A.2d 507 (1994) (quotations omitted). A material fact is a fact that will make a difference the result of the case. Yanow v. Teal Industries, Inc., 178 Conn. 262, 422 A.2d 311 (1979). “In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party,” Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059, (2000). Summary judgment “is appropriate only if a fair and reasonable person could conclude only one way.” Miller v. United Technologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
Once a moving party has presented evidence in support of the Motion for Summary Judgment, the opposing party must present evidence that demonstrates the existence of some material, disputed factual issue. Daily v. New Britain Machine Co., 200 Conn. 562, 568, 512 A,2d 893 (1986). It is not enough for the opposing party merely to assert the existence of a disputed issue. Id., Maffucci v. Royal Park Ltd. Partnership 243 Conn. 552, 554-55, 707 A.2d 15, (1998). The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Appleton v. Board of Education, supra, 254 Conn, at 209, 757 A,2d 1059.

Discussion

Both MTC Sec. 4—210 and Connecticut General Statutes 31—293a permit an employee to bring an action against a fellow employee even though compensation is payable if the underlying case arises out of “the fellow employee’s negligence in the operation of the motor vehicle.”
The essence of the defendant’s motion can be summarized as follows: the plaintiff was injured while the shuttle was stopped and stationary and caused due to the shuttle door closing upon the plaintiffs leg; *289 therefore, the plaintiff was not injured due to negligence in the operation of a motor vehicle.
Both plaintiff and defendant have cited numerous cases concerning the operation of a motor vehicle. The court has reviewed those cases. However, in reaching its decision the court has particularly relied upon the case of Chamberland v. La-Bonte, 99 Conn.App. 464, 913 A,2d 1129 (2006). In that case the Connecticut Appellate Court was asked to determine whether an injury incurred while the defendant was operating the controls of a hopper attached to a garbage truck constituted “operation of a motor vehicle” within the meaning of Connecticut General Statutes 31—-293a. That Court surveyed many of the cases cited by the parties to this case and eventually concluded that that the operation of the hopper to the truck did not constitute “operation of a motor vehicle” within the meaning of the statute and therefore sustained the trial court’s grant of summary judgment against the plaintiff.
In reaching its decision the Court relied heavily upon the factual analysis and evidence introduced regarding the operation and function of the truck and the hopper. There the evidence showed that the “maxi brakes” were applied at the time of the accident and the power take off was engaged, and as a result the vehicle itself could not be driven or moved in such a condition. Additionally, it should be noted that the plaintiff in that case was injured while both he and the defendant were outside of the vehicle and the truck had been immobilized.
The Chamberland Court also noted Dias v. Adams, 189 Conn. 354, 456 A.2d 309 (1983) a case which held that negligence of the operation of a shovel attached to a stationary backhoe did not occur in the operation of motor vehicle. The facts that the shovel could not be operated while the backhoe was in motion and that the defendant had engaged the operation of the shovel at the time of that accident were critical facts relied upon. In Dias the court noted that the defendant “was doing nothing related to driving or moving the vehicle itself, which had been immobilized by switching the power from the treads to the boom. He was engaged only in operating the shovel.”
Here, although many of the facts are not in dispute, there are still many facts which need to be established in order for the court to make a competent ruling regarding the critical issue in this case, i.e. whether or not the defendant was operating a motor vehicle at the time of the incident.
The documents submitted by the defendant in support of its motion do not provide the court with enough information to make this determination. There is no information relating to the possible movement of the bus while the doors were in operation.
Similarly, there is insufficient information regarding any potential defect in the operation of the doors or any safety mechanisms from which the court could conclude that any mechanical issues caused the incident in question.
The Defendant has failed to establish the absence of any genuine issue as to all material facts which would entitle it to judgment as a matter of law.
The Motion for Summary Judgment is